## Richmond

WILLIAM S. HINER

v.

GRACE HADEED

No. 1782-91-2

Decided January 12, 1993

576

COUNSEL

Harry P. Anderson, Jr. (Anderson & Parkerson, on brief), for appellant.

Robert N. Johnson (Robert N. & Anne M. Johnson, Incorporated, on brief), for appellee.

Opinion

**COLEMAN, J.**—The issue in this appeal is the extent to which the presumptive child support guidelines established by Code §§ 20-108.1 and 20-108.2 must be considered in a proceeding to modify child support. More specifically, the issue is when a trial judge has previously denied a request to modify a child support award that deviates significantly from the guidelines, without having made written findings why the guideline amount was unjust or inappropriate or what factors justified the amount of the non-conforming award, to what extent must the trial judge in a subsequent modification proceeding then consider the guidelines and make written findings to explain why the guideline amount continues to be unjust or inappropriate and why the award continues to deviate from the guidelines. We do not answer the question directly because Hiner, who filed the petition to modify support, failed to show that a material change of circumstances had occurred since the court last heard and denied his request to reduce child support. Thus, we hold that where no material change in circumstance has occurred since the last modification hearing in which the support guidelines presumably had been considered, the principles of *res judicata* bar the trial judge from reconsidering the child support award. Accordingly, because the trial judge may not consider modifying the award, written findings explaining the non-conforming award are not required, even though the trial judge in the prior proceeding may have failed to make those required findings.

William S. Hiner (husband) and Grace Hadeed (wife) were divorced on September 3, 1987. The divorce decree ordered that the husband pay $1000 per month child support for the couple's two minor children, of which $250 per month was specifically designated for the cost of their private schooling. On April 13, 1990, the wife petitioned for an increase in child support. In response, the husband filed a motion to reduce his child support obligation to the amount presumed correct under the child support guidelines, Code § 20-108.2, which had become effective July 1, 1989, after the initial award. By order dated January 15, 1991, the trial judge denied the parties' respective petitions. Neither the trial judge's letter opinion nor order indicated that he had determined the parties' joint gross income or calculated the presumptively correct amount of child support according to the guidelines. Furthermore, neither the order nor the opinion letter contained a

written finding explaining those factors the judge considered that presumably made the guideline amount unjust and inappropriate and justified the judge's refusal to modify an award which deviated significantly from the guidelines. *See Watkinson v. Henley*, 13 Va. App. 151, 156-58, 409 S.E.2d 470, 473-74 (1991); *Milligan v. Milligan*, 12 Va. App. 982, 987, 407 S.E.2d 702, 704 (1991). Nevertheless, that order was not appealed, and it became a final order.

Beginning in December, 1990, Hiner began paying Grace Hadeed only $700 per month child support, rather than $1000 as the support order provided. A hearing was scheduled for Hiner to show cause why he should not be cited for contempt. Hiner again filed a petition to reduce his child support obligation to the amount presumed correct under the guidelines. After an *ore tenus* hearing, the trial judge made a conclusory finding "that the application of the guidelines would be unjust and inappropriate in this case, as determined by relevant evidence pertaining to factors set forth in Code §§ 20-107.2 and 20-108.1," and denied Hiner's petition to modify the award to the amount presumed correct under the guidelines. The trial judge found, however, that no need existed for private schooling and modified the award by relieving Hiner of the requirement to pay $250 per month for private schooling. Neither party has appealed that decision. Insofar as the record reflects, the trial judge did not calculate the amount of child support presumed correct according to the guidelines, nor did the judge accept Hiner's calculation that, based on the parties' joint incomes, the award presumed to be correct according to the guidelines would be $454.02 per month. Hiner appeals the trial court's order denying his petition to reduce the $750 per month child support award to the amount presumed correct according to the guidelines under Code § 20-108.2(B). Hiner also contends that because the non-conforming award continues to deviate from the guidelines, the trial judge erred by failing to make explicit written findings explaining why an award according to the guidelines would be "unjust or inappropriate" and by not setting forth the factors under Code §§ 20-108.1(B) and 20-107.2 that he relied upon to uphold an award that continues to deviate significantly from the guidelines.

 In any judicial proceeding to determine child support, the court must consider all relevant evidence concerning the needs of the child and the ability of the parents to provide for those needs. Code § 20-108.1; *see Williams v. Williams*, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). Effective July 1, 1989, Code §§ 20-108.1(B)

and 20-108.2 provide that "in *any* judicial or administrative proceeding for . . . child support" the presumptively correct amount of child support shall be the amount according to the guidelines. *Richardson v. Richardson*, 12 Va. App. 18, 20, 401 S.E.2d 894, 895 (1991) (emphasis added). In a proceeding to increase, decrease, or terminate child support under Code §§ 20-108 and 20-112, the trial judge must determine and consider the presumptively correct award of child support according to the guidelines. *See Buchanan v. Buchanan*, 14 Va. App. 53, 57, 415 S.E.2d 237, 239 (1992). Thus, when a judge determines that a material change of circumstance has occurred in the children's needs or the parents' abilities to provide for those needs and that a change in the amount of support is required, the initial step to determine how to modify the support award is to calculate the amount presumed to be correct according to the guidelines. *Id.* A trial judge may, nevertheless, award an amount that deviates from the guideline amount, provided the judge makes written findings explaining why an award in an amount under the guidelines would be unjust and inappropriate and explaining what factors the judge considered under Code § 20-107.2 in making a non-conforming award. Code § 20-108.1; *Richardson*, 12 Va. App. at 21-22, 401 S.E.2d at 896.

Before the enactment of the child support guidelines, a trial judge was required, in order to entertain a petition to increase, decrease, or terminate child support, to make a threshold finding that a material change of circumstance had occurred since the last award or hearing to modify support, *Featherstone v. Brooks*, 220 Va. 443, 446-47, 258 S.E.2d 513, 515 (1979), and that the change "justifies an alteration in the amount of support," *Yohay v. Ryan*, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987). After the Code § 20-108.2 guidelines were adopted, we held that a trial court could consider a support modification petition, without finding a material change in circumstance, if the last award pre-dated and significantly varied from the presumptively correct amount according to the support guidelines. *Watkinson*, 13 Va. App. at 156-57, 409 S.E.2d at 473; *Milligan*, 12 Va. App. at 988, 407 S.E.2d at 705. Our decisions in *Watkinson* and *Milligan* held that adoption of the support guidelines and a support award that pre-dated the guidelines, and which varied significantly from the presumptively correct amount, provided a reason equivalent to a material change in circumstance that justified a modification hearing. However, we did not in those decisions repudiate the principle that a party must otherwise prove a material change of circumstances, except in those limited situations, in order to obtain a modification of

support. In the absence of a material change in circumstances, reconsideration of support that has been previously adjudicated after considering the guidelines would be barred by principles of *res judicata*. Thus, because the trial judge had previously considered the modification of Hiner's support obligation since the guidelines, and because no material change of circumstance has been alleged or proven, for the judge to have reconsidered the issue of the amount of support would have required the judge to reconsider an issue previously decided and, thus, would have violated principles of *res judicata*.

Although the initial $1000 per month child support award pre-dated the guidelines, after the guidelines were in effect, the trial court had considered and denied William Hiner's petition in January, 1991, to modify the child support award. In that proceeding, Hiner asserted that he had a significant reduction in income and that he was entitled to have the child support award modified to conform to the guidelines. Thus, in the January, 1991, modification hearing and order, the trial court presumably had reconsidered the support award according to the guidelines. Even though the award may have deviated significantly from the presumptively correct amount, the judge refused to modify it. Therefore, in the January, 1991, modification hearing, Hiner had received reconsideration of the child support award under the guidelines as required by the *Milligan* and *Watkinson* decisions. Thus, even if the trial judge erroneously failed to properly consider the guidelines in the January, 1991, hearing after the support guidelines were in effect, and even though the judge failed to make the required written findings, nevertheless, the decision became final. Thereafter, Hiner, in the August, 1991, modification proceeding, did not allege or show that any material change of circumstances had occurred since the court last considered the support award in January, 1991. He attempted to raise precisely the same issue that had been adjudicated in January, 1991. Principles of *res judicata* preclude the court from relitigating an issue that has been previously decided, even though the earlier decision arguably may have been erroneous. Hiner had not established either of the threshold conditions that requires a trial court to consider his petition to reduce child support.[1]

---

[1] To the extent that the trial judge modified the support award by eliminating the $250 monthly allowance for private schooling without considering or having found that a change in circumstances had occurred, neither party has appealed or taken issue with that ruling.

Hiner argues that, despite the fact he failed to appeal an erroneous ruling, we cannot allow this unfair result to stand. To do so, he explains, compounds the error by perpetuating the erroneous January, 1991, proceeding and pre-guidelines' award that will continue to serve as the basis for all future modification proceedings. There will be no award or order that contains written findings as required by Code § 20-108.1(B) to explain why an award according to the guidelines would be unjust or inappropriate, or what factors justified the continuation of an award that significantly deviated from the guidelines.

The answer to Hiner is, as we have previously noted, that the January, 1991, order refusing to modify the award to conform to the guidelines, even if erroneous, was a final unappealed order, and reconsideration of that question, without showing that a material change in circumstances has occurred, is barred by *res judicata. See Hammers v. Hammers*, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975); *Watkinson*, 13 Va. App. at 156, 409 S.E.2d at 473; *Milligan*, 12 Va. App. at 987, 407 S.E.2d at 704. Even though the trial judge in January, 1991, may have allowed a non-conforming award to stand without properly applying the guidelines and without making the required written findings, the judge did conduct a post-guideline review which was not appealed. Hiner could not obtain a second review to consider the guidelines simply by alleging and proving "a significant variance" between the award and the guideline amount. The fact that a child support award continues to vary significantly from the guidelines does not invoke the *Milligan* holding and allow for repeated petitions to modify support without alleging and proving a material change in circumstances. If the rule were otherwise, parties could re-litigate support *ad infinitum* so long as the amount of support deviates significantly from the guidelines.

We leave for another day how to resolve the problems associated with the fact that no specific written findings exist that will serve as the basis for further modification hearings to explain why the guideline amount was unjust or inappropriate and what factors were considered in arriving at the amount awarded. Hiner's argument does, however, underscore, the reasons why trial judges must adhere to the statutory requirements and set support in accordance with the guidelines, or explain by written findings the reasons for deviating. Only if

trial judges follow the statutory requirements will Virginia child support awards conform to the federal and state legislative mandates designed to create uniformity in support awards between parents and children similarly situated. *See Richardson*, 12 Va. App. at 20, 401 S.E.2d at 895. Trial judges must make the requisite specific written findings, not solely for purposes of appellate review, *Richardson*, 12 Va. App. at 22, 401 S.E.2d at 896, but, more important, to enable trial judges in future hearings to decide whether and how to increase, decrease, or terminate support. Only by having specific written findings will trial judges in subsequent proceedings be able to make informed decisions on how a change in circumstances may justify modification or may justify continued deviation from the guidelines. Whether, or the extent to which, a trial judge in a later modification proceeding would, in a situation such as Hiner's, first look to the guideline amount and whether it would be unjust or inappropriate to look to the prior award in order to modify support is a question that obviously will soon arise.

For the foregoing reasons, we hold that the trial court did not err by denying Hiner's petition to reduce his basic child support obligation of $750 per month or to reconsider the award according to the guidelines or by failing to make written findings explaining the non-conforming award. We affirm the trial judge's denial of Hiner's petition to decrease his child support obligation to conform to the support guidelines.

*Affirmed.*

Baker, J., and Bray, J., concurred.