COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis


FRANK S. MULLIN, III

MEMORANDUM OPINION[*]

v.   Record No. 2731-95-4
PER CURIAM
JULY 9, 1996

SHIRLEY N. MULLIN


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jack B. Stevens, Judge

(Laurence J. Tracy, on brief), for appellant.

(Marcia M. Maddox; Heather A. Cooper, on
brief), for appellee.


Frank S. Mullin, III, (husband) appeals the decision of the
circuit court denying his motion to reduce spousal support paid
to Shirley N. Mullin (wife).  On appeal, husband contends that
(1) the trial court abused its discretion in failing to find that
there was a material change in circumstances warranting a
reduction in spousal support; (2) the trial court erred or abused
its discretion in failing to consider the factors listed in Code
§ 20-107.1; and (3) the trial court abused its discretion in
awarding attorney's fees to wife.  Upon reviewing the record and
briefs of the parties, we conclude that this appeal is without
merit.  Accordingly, we summarily affirm the decision of the
trial court.  Rule 5A:27.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## Material Change

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). See Code § 20-109. This "material change" must have occurred subsequent to the most recent judicial review of the award. See Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993). On appeal, we construe the evidence in the light most favorable to wife as the prevailing party, granting her all inferences fairly deducible therefrom. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). "We will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

Husband contends that there had been a material change in circumstances following the court's last review of spousal support on January 27, 1994. Husband further contends the trial court erred when it found no material change for spousal support purposes after finding grounds to increase his child support. The evidence proved that both husband and wife earned more at the time of the hearing than they did in January 1994. The parents' increased income requires either a recomputation of child support or a written finding rebutting the application of the guidelines.

2

Code § 20-108.2.  The parties' increased income supports the trial judge's decision to increase child support payments.  Code § 20-108.2.  However, under the Virginia statute, a trial court's findings concerning child support are distinct from its spousal support determinations.

Proof that both parties experienced an increase in income does not necessarily warrant a finding that spousal support should be decreased.  Wife testified that she was earning $20,000 per year at the time of the January 1994 hearing.  Wife had been terminated from that employment and had trouble finding new employment.  She was currently earning approximately $29,000 per year.  She has a serious health condition that was not currently covered by insurance.  Since the last hearing, wife had moved from her mother's home and had purchased a townhouse closer to her new job.  Her expenses had substantially increased.

Husband testified that he took a new position with increased income, but which had no retirement benefits and higher medical insurance costs.  The court found husband's current monthly income to be $5,948.  His average monthly income for 1993 was $5,187.  Husband testified that he had about $3,000 in expenses for dental work that he needed.

On this evidence the trial court found that husband had not demonstrated a material change in circumstances justifying a modification of spousal support.  Significantly, both parties had increased earnings since that hearing.  Wife's expenses for

housing and related costs had also increased.  Considering all of these factors, we cannot say the trial court's decision was plainly wrong or without evidence to support it.

Statutory Factors

Husband contends, without specification, that the trial court failed to consider the factors set out in Code § 20-107.1 when reaching its determination.  The record demonstrates that the court considered the financial information presented by the parties.  See Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988).  Husband has not indicated which additional statutory factors the trial court failed to consider.  Although the appellant argues that the trial court did not consider all of the statutory factors, his brief fails to identify which factors were not considered and how they would have affected the trial court's determination.  Since this argument was not fully developed in the appellant's brief, we need not address this question.

Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Therefore, we find no error in the trial judge's determination.

4

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. <u>Graves v. Graves</u>, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. <u>McGinnis v. McGinnis</u>, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Husband earned substantially more than wife. Wife incurred over $4,500 in fees and costs associated with the trial court proceedings. Based on the number of issues involved and the respective abilities of the parties to pay, we cannot say that the award was unreasonable or that the trial judge abused his discretion in awarding wife $2,500 in attorney's fees.

## Motion for Sanctions

Wife has filed a motion for sanctions seeking an award of attorney's fees. In the trial court, husband filed a motion to reduce spousal support based upon wife's full-time employment. Husband admitted that he did not know wife's income at the time he filed the motion. The trial court awarded wife a portion of her attorney's fees arising from husband's unsuccessful motion. Husband's failure to demonstrate a material change in circumstances justifying a reduction in spousal support does not warrant sanctions under Rule 11. Therefore, wife's motion for sanctions is denied.

Accordingly, the decision of the circuit court is summarily

affirmed.

Affirmed.