COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

BILL RAE SINGLETON
                                        MEMORANDUM OPINION[*]
v.    Record No. 1681-96-1                  PER CURIAM
                                          MARCH 4, 1997
JOYCE SINGLETON

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                          John K. Moore, Judge

          (Douglas Fredericks, on brief), for appellant.

          (A. Andrew Ege, Jr.; Hudgins & Ege, on
          brief), for appellee.


     Bill Rae Singleton (husband) appeals the decision of the
circuit court denying his motion to reduce or eliminate the
monthly spousal support paid to Joyce Singleton (wife).  Husband
argues that the trial court erred when it found that (1) husband
failed to prove he could not work additional hours, and (2)
wife's increased income was not a material change in
circumstances warranting a reduction in support.  Upon reviewing
the record and briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
decision of the trial court.  Rule 5A:27.

     "The moving party in a petition for modification of support
is required to prove both a material change in circumstances and
that this change warrants a modification of support."

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

<u>Schoenwetter v. Schoenwetter</u>, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). <u>See</u> Code § 20-109. This "material change" must have occurred subsequent to the most recent judicial review of the award. <u>See</u> <u>Hiner v. Hadeed</u>, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993). On appeal, we construe the evidence in the light most favorable to wife as the prevailing party, granting her all inferences fairly deducible therefrom. <u>See</u> <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990). "We will not disturb the trial court's decision where it is based on an <u>ore</u> <u>tenus</u> hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" <u>Furr v. Furr</u>, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

## I.

The trial court found that husband had not carried his burden to prove that he was unable to work because of a back injury. While husband was competent to testify as to his condition, the court found that his testimony lacked credibility. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." <u>Bridgeman v. Commonwealth</u>, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

> [T]he finding of the judge, upon the credibility of the witnesses and the weight to be given their evidence, stands on the same footing as the verdict of a jury, and unless that finding is plainly wrong, or without evidence to support it, it cannot be disturbed.

2

<u>Lane v. Commonwealth</u>, 184 Va. 603, 611, 35 S.E.2d 749, 752 (1945).

At the time of the trial court hearings, husband's sole source of income was his Navy retirement. He alleged that a back injury prevented him from working. Husband could not remember exactly when his injury occurred. Although he testified that he had been treated by several different doctors, he did not call any doctor to testify to the extent of his injury and presented no medical evidence to document the severity of his injury or his inability to work. The trial court found husband's uncorroborated testimony unpersuasive, and husband has not pointed to anything in the record demonstrating that the court's decision was plainly wrong.

## II.

The evidence indicated that the only change in circumstances since the last spousal support hearing was an increase in wife's income. The trial judge noted that wife "over the years has been . . . diligent, hard-working, has progressed up the ladder and her income has increased." In contrast, noting that husband introduced no credible evidence that he was unable to work, the trial judge stated that "I think [husband] can work; he just doesn't want to work." The judge also noted that husband introduced no evidence of his recent income:

> [T]here's been no evidence presented today in the form of copies of his tax returns . . . [or] income statement about his retirement pay. No pay vouchers. No nothing. Basically he's failed to carry the burden of

3

proof that there's been a material change of
circumstances for reasons beyond his control
that would render him incapable of meeting
this support obligation.

We find no error in the trial court's conclusion that husband

failed to demonstrate a change in circumstances warranting a

reduction in spousal support.

Accordingly, the decision of the circuit court is summarily

affirmed.

<u>Affirmed.</u>

4