COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


BARBARA LUANN MANCINI
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1420-96-1    JUDGE RICHARD S. BRAY
                                        APRIL 8, 1997
J. PETER MANCINI

            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                      John M. Folkes, Judge

        Vicki Beard for appellant.

        Michael T. Soberick (Dusewicz & Soberick,
        P.C., on brief), for appellee.


     Barbara LuAnn Mancini (wife) appeals the trial court's
denial of her petition for an increase in child support from
J. Peter Mancini (husband).  On appeal, she contends the court
(1) erroneously quashed her subpoenas duces tecum for certain
financial records of the corporation of which husband was the
sole shareholder and (2) erroneously concluded that she failed to
demonstrate a material change in circumstances justifying a
review of previously ordered child support.  We reverse on the
discovery issue and remand the proceedings for further
consideration by the trial court.

     The parties are fully conversant with the record, and this
memorandum opinion recites only those facts necessary to a
disposition of the appeal.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Wife, as petitioner for a modification of previously ordered support, was required to prove both a material change in circumstances since the prior award and justification for an attendant change in support.  See, e.g., Hiner v. Hadeed, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993).  Thus, records probative of husband's financial status prior to the divorce are arguably irrelevant to the instant proceedings.  However, records of husband's economic circumstances subsequent to the earlier order, including the financial particulars of the corporation, are proper subjects of inquiry which "appear[] reasonably calculated to lead to the discovery of admissible evidence." Rule 4:1(b)(1); see Rule 4:9(a), (c).

We recognize that decisions relating to discovery generally rest "within the trial court's discretion and will be reversed only if the action taken was improvident and affected substantial rights."  Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970).  In this instance, we conclude that the trial court abused its discretion in quashing the subpoenas.

Accordingly, we reverse the decree of the trial court and remand the proceedings with instructions that wife be allowed the requested discovery, limited, however, to the period following the prior support order, and that her petition be thereafter reconsidered by the court, together with such matters then in evidence.

Reversed and remanded.