COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


Z. CURTIS WIETERS

MEMORANDUM OPINION[*] BY

v.   Record No. 1531-98-1        JUDGE JERE M. H. WILLIS, JR.
                                          JULY 20, 1999

LINDA G. WIETERS


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Robert G. Byrum (Shames & Byrum, on brief),
for appellant.

Diane Pomeroy Griffin for appellee.


On appeal from a motion to reduce his spousal support

obligation, Z. Curtis Wieters (husband) contends that the trial

court erred in failing to find a material change in

circumstances and in relying solely on his payment of country

club dues in considering whether any change warranted a

reduction in monthly spousal support.  Linda G. Wieters (wife)

assigns cross error to the trial court's refusal to dismiss the

husband's motion summarily.  We find no error and affirm the

judgment of the trial court.

As the party seeking to modify spousal support, the husband

bears the burden "to prove both a material change in

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). See also Code § 20-109. "We will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

The parties' final divorce decree required the husband to pay the wife $1,100 per month spousal support. This was based on an earlier finding that the husband's income was $65,000 per year and on consideration of the wife's needs. The husband's earnings were reduced after March 1996. At the time the divorce decree was entered, November 12, 1997, the husband's income was $460 per week. He presented no evidence of this and did not present this change of income to the trial court at the time of the entry of the final divorce decree. He did not appeal the divorce decree, and that decree became final.

At the time of the hearing on the husband's motion to reduce spousal support, April 29, 1998, his earnings had been further reduced to $360 per week. However, the evidence established that he had other resources available to him and that he maintained a country club membership, paying $224 per month in dues and fees.

The husband contends that in consideration of his motion to reduce spousal support, the trial court should have considered

-

the reduction in his income from $65,000 per year to $360 per week, unquestionably a material change. However, the circumstances upon which the husband's support obligation was based were the circumstances obtained at the time the final decree was entered. At that time, his income was $460 per week. The trial court properly considered the change from that amount, or $100 per week. See Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993).

In considering whether the change in the husband's income from $460 per week to $360 was a material change in circumstances justifying a change in his support obligation, the trial court noted that the husband continued to pay $224 per month in country club dues. The record does not support the finding that the trial court limited its consideration to that circumstance. However, the lifestyle that the husband continued to provide himself, including country club membership, was a circumstance properly considered by the trial court in determining whether the husband's changed circumstances justified a reduction in his spousal support. The record supports the trial court's determination that "there has not been a material change in circumstances [warranting a reduction of support] based on [the husband's] lifestyle."

Because we affirm the trial court's denial of the husband's motion to reduce spousal support, the trial court's denial of the wife's motion to dismiss is moot.

-

The judgment of the trial court is affirmed.

<u>Affirmed.</u>
