COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Salem, Virginia


GEORGE ROGER BARTON
                                            OPINION BY
v.    Record No. 0108-99-3      JUDGE RUDOLPH BUMGARDNER, III
                                         DECEMBER 21, 1999
LOUVENIA C. BARTON


            FROM THE CIRCUIT COURT OF BEDFORD COUNTY
                  James W. Updike, Jr., Judge

         J. Emmette Pilgreen, IV (Harvey S. Lutins;
         Harvey S. Lutins & Associates, on brief), for
         appellant.

         David D. Beidler (Legal Aid Society of
         Roanoke Valley, on brief), for appellee.


     George Roger Barton (husband) appeals the denial of his

motion to reduce spousal support to Louvenia C. Barton (wife).

The husband claims the trial court erred in finding that he did

not show a material change in circumstances warranting a

modification.  Finding no error, we affirm.

     The parties were married July 16, 1994 and separated April

4, 1996.  They had no children.  The trial court heard the

evidence of spousal support on August 6, 1997, but nothing

indicates that it announced its decision before entering the

final decree of divorce on October 16, 1997.  In that decree,

the trial court ordered the husband to pay $450 per month in

permanent spousal support.

On November 10, 1997, the husband filed a petition in the juvenile and domestic relations district court to suspend or reduce the support obligation.  He appealed an adverse decision to the circuit court, which heard the matter de novo October 1, 1998.  The husband proffered a consent order entered on September 23, 1997 requiring him to pay child support for an illegitimate child born in August 1996.  The consent support order was entered between the hearing on permanent spousal support and the entry of the final decree setting that support.

On appeal, the husband argues the trial court erred in refusing to consider his obligation to support his illegitimate child.  He contends the trial court precluded him from showing a material change in circumstances by failing to consider the September 23, 1997 order.

"In a petition for modification of child support and spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support." Richardson v. Richardson, 30 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999) (citation omitted).  The petitioner must demonstrate a material change in circumstances from the most recent support award.  See Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) ("following entry of a final decree . . . a party seeking a change in court-ordered . . . support" must prove a material change); Keel v. Keel, 225 Va. 606, 611, 303

S.E.2d 917, 921 (1983) (child support); Layman v. Layman, 25 Va. App. 365, 367, 488 S.E.2d 658, 659 (1997) (court considered change occurring after entry of final order establishing support); Street v. Street, 25 Va. App. 380, 488 S.E.2d 665 (1997) (en banc) (considering husband's sale of business after entry of decree establishing support); Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (spousal support). The material change must relate to either the need for support or the ability to pay. See Richardson, 30 Va. App. at 347, 516 S.E.2d at 729; Moreno, 24 Va. App. at 195, 480 S.E.2d at 795. "In the absence of a material change in circumstances, reconsideration of support . . . would be barred by principles of res judicata." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993) (child support); see also Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975).

In this case, the husband showed no material change in circumstances that occurred after the entry of the spousal support order on October 16, 1997. The husband knew about the child support order before the trial court entered its final decree fixing his spousal support obligation. He would have known of his obligation to support his child before the court ordered him to do so on September 23, 1997. The consent order would have required negotiation, preparation, circulation, and presentation before that date.

When fashioning spousal support awards, courts "must consider all relevant evidence concerning the needs of the [recipient spouse] and the ability of the [payor] to provide for those needs." Hiner, 15 Va. App. at 578, 425 S.E.2d at 813 (citations omitted). Courts must make support awards based upon "current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future.'" Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990) (citation omitted). In considering a denial of a request for a reduction of support payments, courts must look to "objective evidence available at the time of the previous award in order to assess what increases in expenses might reasonably have been expected." Furr v. Furr, 13 Va. App. 479, 482, 413 S.E.2d 72, 74 (1992). See also Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990).

The husband's obligation to support an illegitimate child was not an uncertain future circumstance. See Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (material "changes are not fairly predictable"). He had the opportunity to provide the trial court with the reasonably foreseeable obligation to support the child at the August 8, 1997 hearing. For whatever reason he failed to do that, the husband still had ample time to inform the trial court of the consent child support order before it decreed spousal support. Cf. Hughes v. Gentry, 18 Va. App. 318, 325, 443 S.E.2d 448, 453 (1994) (prejudice to moving party

outweighed where he "has failed to act diligently in discovering [relevant] evidence or, . . ., has withheld evidence for personal or tactical reasons").

The child support order was not a change of circumstance; it was not a development that had occurred unexpectedly. The order was merely new evidence of an existing circumstance which the husband had chosen not to present. The husband cannot withhold known, relevant information and then claim that the information withheld establishes a change of circumstance. The husband failed to show a material change in circumstances warranting a modification in his spousal support obligation. Accordingly, we affirm the trial court.

Affirmed.

Benton, J., concurring.

I agree with the majority that the consent order, which required the husband to pay child support, was entered prior to the spousal support award and, therefore, could not provide a basis to support a modification of the spousal support award. Thus, I too would affirm the judgment entered December 11, 1998.

I do not join the suggestion contained in the last two paragraphs of the majority opinion that the husband's moral obligation to support the child, although not determined by court order, was a circumstance that, if proved at the August 6, 1997 hearing, might have entitled him to relief in the determination of spousal support. The order fixing his child support was the event that would constitute a change in circumstances that might have entitled him to relief in the determination of spousal support. Until that order was entered, his monetary obligation had not been determined; thus, the trial judge would have had no basis for assessing an expense in determining his spousal support obligation. Cf. Kaplan v. Kaplan, 21 Va. App. 542, 548, 466 S.E.2d 111, 114 (1996) (noting that the father's knowledge at the time of the divorce proceeding of his future change in income did not bar the father's petition to reduce support when the actual change in his income occurred after the divorce decree was entered).

Code § 20-108 permits the trial judge to modify a support order based upon a finding of a change in circumstances. The

statute provides that "[t]he court may, from time to time after decreeing as [to custody and support of minor children], . . . revise and alter the decree . . . as the circumstances of the parents and benefit of the children may require."  Id.  The statute also provides that "[n]o support order may be retroactively modified."  Id.  Code § 20-108 reflects a policy that, absent special circumstances, the event giving rise to a petition for modification based on changed circumstances must occur "after [the trial judge has] decree[d] as provided in [Code] § 20-107.2."  Id.  Cf. Hughes v. Gentry, 18 Va. App. 318, 321, 443 S.E.2d 448, 450 (1994) (holding that in applying Code § 20-108 in a custody proceeding the trial judge must determine "whether there has been a change of circumstances since the most recent . . . award").

In this case, the consent order, which gave rise to the husband's obligation to support the child, was entered September 23, 1997, three weeks before entry of the divorce decree fixing the amount of spousal support.  Although the evidentiary hearing regarding spousal support had already occurred, the husband made no effort to present the consent order to the trial judge for consideration in setting spousal support.  Clearly, if he had done so and had been unsuccessful in reopening the proceeding, see Rowe v. Rowe, 24 Va. App. 123, 144, 480 S.E.2d 760, 770 (1997) (holding that "[t]he granting or denying of a motion to hear additional evidence is within the sound discretion of the trial court"), this case would be in a different posture.  This

record, however, contains no evidence of circumstances that prohibited the husband from petitioning the judge in the divorce proceeding to consider the obligation created by the consent order before fixing the amount of spousal support.  Thus, I concur in the judgment.[1]

---

[1] In her brief, the wife asserts that the final order was entered October 1, 1998.  Thus, she contends we lack jurisdiction to hear this appeal because the notice of appeal was not timely filed.  That claim lacks merit because the October 1, 1998 order merely directed "the Clerk . . . to forthwith deliver the . . . sum [of $4,190, which was deposited to assure the husband's compliance,] to George R. Barton upon proper identification."  The order entered December 11, 1998 denied "the motion of [the husband] seeking a decrease or suspension of spousal support."  Husband timely appealed from the December 11, 1998 order.