COURT OF APPEALS OF VIRGINIA


Panel: Judges Elder, Bumgardner and Humphreys


JOAN LAURIE BAXTER

MEMORANDUM OPINION*

v.    Record No. 0258-00-4                    PER CURIAM
                                       SEPTEMBER 19, 2000

MICHAEL J. BAXTER


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Joan Laurie Baxter, pro se, on briefs).

(James Ray Cottrell; Christopher W.
Schinstock; Gannon, Cottrell & Ward, P.C., on
brief), for appellee.


Joan Laurie Baxter (mother) and Michael J. Baxter (father)
were divorced in 1993. Two sons, Adam and Ryan, were born of the
marriage. The trial court awarded custody of the boys to father
in 1995. Mother appeals the decision of the Fairfax County
Circuit Court, dated January 7, 2000, related to a modification in
child custody and attorney's fees. She contends the trial judge
erred by: (1) failing to recuse himself from hearing the Petition
for Change in Custody; (2) failing to change physical custody of
Ryan to mother; (3) failing to consider mother's motion for
reconsideration; and (4) awarding father attorney's fees. Both
parties request attorney's fees and costs incurred in this appeal.

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial judge. See Rule 5A:27.

> Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

## Motion to Recuse

Mother contends the trial judge abused his discretion when he refused to assign another judge to hear the change in custody case presented at the December 15, 1999 hearing. Mother alleges the trial judge showed bias toward the father in various earlier rulings he made as far back as the original custody hearing held in 1995. She also contends the trial judge's objectivity had been tainted by her "litigiousness" over the years and by a comment she allegedly made in 1995 concerning hiring a hit man to "take out" father.

"It is within the trial judge's discretion to determine whether he harbors bias or prejudice which will impair his ability to give the defendant a fair trial." Terrell v. Commonwealth, 12 Va. App. 285, 293, 403 S.E.2d 387, 391 (1991) (citation omitted).

-

Having reviewed the record, we cannot say that the trial judge abused his discretion in declining to recuse himself.

The mere fact that a trial judge makes rulings adverse to a party, standing alone, is insufficient to establish bias requiring recusal.  See Stamper v. Commonwealth, 228 Va. 707, 714, 324 S.E.2d 682, 686 (1985).  At the November 1999 hearing, the trial judge indicated he could hear the custody case "fairly and without prejudice" to mother, stating, "[T]he issue before the court is not [mother] or [father].  It's the children and what's in the best interests of the children."  Therefore, mother has demonstrated no basis upon which to reverse the trial judge's decision, exercised in his discretion, not to recuse himself.

## Motion to Change Physical Custody

As the party seeking to modify the existing custody order, mother bore the burden to prove "'(1) whether there has been a [material] change in circumstances since the most recent custody award; and (2) whether a change in custody would be in the best interests of the child.'"  Wilson v. Wilson, 18 Va. App. 193, 195, 442 S.E.2d 694, 696 (1994) (citation omitted); see Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).  In matters concerning custody and visitation, the welfare and best interests of the children are the "primary, paramount, and controlling consideration[s]."  Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948).

-

Mother contends that father moving three miles away from her home constituted a material change in circumstance. She also argues that her relationship and engagement to Pat Little, her move to a residence she jointly owns with Little, the boys' grade point average decline, father's refusal to allow the boys discretionary visitation with mother, conflict in father's home, the inability of the boys to "get along," and Ryan's expressed desire to reside with mother constituted changes in circumstances since the trial judge awarded father custody in 1995.

The trial judge found that mother failed to prove there was a material change in circumstances justifying a modification in custody. The trial judge specifically found that mother's relationship with Little and the fact that she was living with Little were not material changes in circumstances. He based this opinion on the fact that the house in which mother resided in 1995 when the trial judge made the first custody determination was not "inadequate or anything of that nature." The trial judge further indicated that mother had had "those types of relationships" with men since 1995, and the "uncertainty" of her relationships was a factor he considered.

Although Ryan, who was fourteen years old at the time of the hearing, expressed a preference to reside with his mother, the trial judge found that Ryan did not express a "reasonable" basis for the change in custody. See Code § 20-124.3(8). Ryan testified that the rules "were about the same in both houses," but

-

he did not like the punishments he received for breaking the rules at his father's residence. When children have reached the age of discretion, their wishes should be given weight but are not controlling. See Hall v. Hall, 210 Va. 668, 672, 173 S.E.2d 865, 868 (1970).

The trial judge met with both children in camera. At that time, Adam said he would not like to be separated from Ryan. Dr. Guy Van Syckle, a child psychologist who had worked with the family since August 1995, testified it would be "terribly damaging to both boys if they were separated." He stated the boys "look out" for each other, support and defend each other. Dr. Van Syckle testified that the boys describe themselves as "tight." He also stated the level of physical fighting between the boys had diminished over time. Dr. Van Syckle testified he believed Ryan feels pressure to please his mother and that Ryan feels "very comfortable" living with his father. Dr. Van Syckle stated the boys' condition has "dramatically improved" since father gained custody of them. He also opined that father and his wife have "done an excellent job of raising the kids."

Although mother contends the boys fight while living together at father's residence, the trial judge stated he did not "get that impression" from the boys' evidence "other than the normal sibling type of things that go on." Dr. Van Syckle's testimony also supports this finding.

-

Mother contends the trial judge should not have relied on Dr. Van Syckle's opinion in making his custody decision. It is true that the trial judge need not adopt the recommendation of the expert. See Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) ("the fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert"). Here, the trial judge stated he considered the credibility of all of the witnesses, and he considered all of the factors listed in Code § 20-124.3 concerning the best interests of the boys. He particularly cited Code § 20-124.3(4) regarding Ryan's relationship with his brother, stating that he did not see how separating the boys "could in any way foster the best interests of either boy."

The trial judge is vested with broad discretion to make the decisions necessary to safeguard and promote the boys' best interests, and his decision will not be set aside unless plainly wrong or without evidence to support it. See Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). Based upon the testimony presented, the trial judge's conversations in camera with the children, and his extensive knowledge of the parties over the multiple hearings in the past, he found nothing warranted a change in the current custody arrangement. Our review of the record supports the trial judge's conclusion. Therefore, we affirm the trial judge's denial of mother's motion to modify custody.

-

<u>Motion for Reconsideration</u>

Mother contends the trial judge abused his discretion in denying her motion to reconsider which she filed nineteen days after the entry of the January 7, 2000 order. "In the absence of a material change in circumstance, reconsideration . . . would be barred by <u>res</u> <u>judicata</u>." <u>Hiner v. Hadeed</u>, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). The granting or denial of a motion to reconsider is within the sound discretion of the trial judge. <u>See</u> <u>Morris v. Morris</u>, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986).

Mother's motion for reconsideration involved either evidence and arguments she had previously presented at the December 15, 1999 hearing or that she had a fair opportunity to present at that hearing. Thus, her proffered evidence failed to demonstrate a material change in circumstances subsequent to the entry of the trial judge's January 7, 2000 custody order. Accordingly, the trial judge did not abuse his discretion in denying mother's motion to reconsider.

Mother also contends the trial judge denied her the opportunity to present rebuttal evidence at the December 15, 1999 hearing. However, father called only one witness at the hearing, Dr. Van Syckle. Mother's counsel thoroughly cross-examined Dr. Van Syckle, and mother testified concerning her views that Dr. Van Syckle was an incredible witness. Other evidence listed by mother as potential rebuttal evidence was either presented by mother at the December 15, 1999 hearing or was evidence mother had the

-

opportunity to present in her case at the hearing.  Therefore, her argument is without merit.

## Attorney's Fees in the Trial Court

At the December 1999 hearing, the trial judge awarded father $3,000 in attorney's fees.  Mother contends the award "is flawed" because the trial judge abused his discretion in denying her motion for custody of Ryan.  She also asserts the trial judge considered attorney's fees unrelated to the custody action.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.  See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  Mother initiated the change in custody proceedings.  The trial judge found that mother presented "no testimony" about the effect the change in custody would have on Adam until the trial judge inquired about that issue.  Furthermore, Adam stated he would not like being separated from Ryan, and Ryan stated only that he thought he would prefer living with his mother based on the level of punishment he incurs at his father's residence.

Based on the issues involved and the respective abilities of the parties to pay, we cannot say that the award of $3,000 in attorney's fees to father was unreasonable or that the trial judge abused his discretion in making the award.

-

                    Requests for Appellate Attorney's Fees

     Both parties request an award of appellate attorney's fees

for this appeal.  Mother's appeal was without merit.  Therefore,

we find that father is entitled to recover reasonable attorney's

fees and costs incurred by him in defending this appeal.  We

remand this matter to the trial judge for a determination of those

costs and fees.  <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690,

479 S.E.2d 98 (1996).

     Accordingly, the judgment of the trial judge is summarily

affirmed, and the matter is remanded to the trial judge for a

determination of father's costs and fees incurred on appeal.

                                        <u>Affirmed and remanded.</u>

                            -