COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Haley


MICHAEL S. MCCLURE

                                                    MEMORANDUM OPINION[*]
v.      Record No. 0450-06-1                              PER CURIAM
                                                         JULY 5, 2006
KATHERLEEN B. MCCLURE


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            Norman A. Thomas, Judge

            (Philip A. Liebman, on brief,) for appellant.

            No brief for appellee.


        Michael S. McClure, husband, appeals a trial court order restoring and modifying spousal

support to Katherleen B. McClure, wife, and awarding him child support.  He argues on appeal

that the trial court failed to "use the proper criteria for awarding spousal support to the [wife] and

child support to appellant."  Specifically, husband contends wife failed to "demonstrate a

material change in circumstance since the last prior court order warranting a modification of

spousal support," and the trial court improperly calculated the modified amount of child support.

Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to the appellee as the prevailing party below.  See McGuire v. McGuire, 10 Va. App. 248, 250,

391 S.E.2d 344, 346(1990).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife were divorced in 1994, at which time the trial court ordered husband to pay wife $1,250.00 per month in spousal support, and $1,033.71 per month in child support for their five minor children, born between 1979 and 1988.

On July 16, 2002, husband petitioned the trial court to modify child and spousal support. On August 2, 2002, the trial court entered an order granting wife's motion to continue the matter until she could retain counsel. In the order, the parties agreed that all but two of their five children were emancipated, and that one lives with husband and the other lives with wife. As a result, the trial court reduced husband's monthly child support obligation to $350.00 and continued the matter until September 6, 2002. The trial court further ruled that "nothing in this order shall be construed to prejudice or affect the rights of both parties to litigate the issues."

On July 12, 2005, husband filed an "Amended Petition For Modification and Termination of Spousal Support and For An Award Of Child Support."

On August 3, 2005, the trial court proceeded to hear husband's amended petition. Wife was not present, so the trial court entered a one-page order reciting that

> [t]his cause came to be heard on August 3, 2005 upon the
> Amended Petition of Michael S. McClure to modify or terminate
> the provision of the Final Decree of Divorce entered on September
> 23, 1994 requiring him to pay spousal support, and to require [him]
> to pay child support for the benefit of the minor child Reuben; the
> Petition having been originally filed and served in 2002, and this
> Court having entered a temporary, handwritten Order entered
> August 2, 2002 which is a matter of record . . . .

The order recited that wife had actual notice of the hearing, but did not appear, and that the minor child Reuben has lived with husband since 2001. As a result, the trial court

> Adjudged, Ordered and Decreed upon evidence received in
> court that the [husband's] obligation to pay spousal support is
> suspended effective August 1, 2005 until further order of this
> Court, without prejudice to the [wife's] right to Petition the court
> for restoration of spousal support based upon future circumstances;
> and it is further

- 2 -

> Ordered that the [husband's] right to seek retroactive child
> support for the minor child Reuben is likewise reserved . . . .

The trial court filed a note from wife's treating physician on August 3, 2005. In it, the doctor advised that wife recently injured her back in a car accident and could not travel.

On August 24, 2005, wife filed a motion to vacate the August 3, 2005 order, requesting that the trial court rehear the matter of spousal support due to her inability to appear at the August 3 hearing.

On September 28, 2005, the trial court heard evidence and argument on the parties' motions, after which it decreased husband's spousal support obligation and awarded husband retroactive and future awards of child support. By order entered on December 6, 2005, the trial court summarized facts from the 1994 decree and made new findings, as reflected below:

> [Wife] testified that she had been gainfully employed, part-time, since the entry of the Final Decree, that she started a full-time, two-year college degree program in 2002; however, she did not anticipate completing the program until 2007; that she alleged that she had been injured in an automobile accident on June 18, 2005; that she was not employed at the time of the hearing on September 28, 2005; that since calendar year 2002, she has had only nominal income, outside of the . . . $15,000.00 . . . per year she received for spousal support, plus the child support paid by the [husband]; that her living expenses consisted of . . . $600.00 . . . per month for rent, plus utilities, ranging from . . . $250.00 . . . to . . . $550.00 . . . per month . . . .

The trial court further found that wife did not appear at the August 3, 2005 hearing because of injuries sustained in a car accident in June 2005, that two adult sons live with her, but have contributed to household expenses only during the last two months, and that husband earns $55,000 per year. The trial court noted that wife is physically suffering from the accident, yet is able to pursue some form of employment, "even part time, as she had previously been employed." Based on those factual findings and after considering the factors in Code § 20-107,

the trial court ordered husband to pay wife $1,000.00 per month in spousal support, resulting in a twenty percent decrease from the amount originally decreed.

The trial court ordered wife to pay husband $128.70 in current child support and awarded husband retroactive child support for the period from September 1, 2002 through August 2005, in the amount of $4,633.20, consisting of thirty-six monthly payments of $128.70. The order directed wife to pay $75.00 per month toward the arrearage beginning on October 1, 2005.

DISCUSSION

Although husband presented two distinct questions in his brief, he failed to separate the arguments in the six-paragraph section labeled "Principles of Law, Argument, and Authorities."

SPOUSAL SUPPORT MODIFICATION

In the first five paragraphs of his argument, husband argues the trial court erroneously modified spousal support "without a demonstration of a material change of circumstance since the last prior court order warranting modification." Essentially, he contends the August 3, 2005 order was a final order modifying spousal support, therefore, the September 28, 2005 hearing was a new modification hearing at which wife was required to demonstrate a material change in circumstances occurred since entry of the August 2005 order. Relying on that premise, husband refers to the trial court's statement in the December 6, 2005 order that it considered the factors contained in Code § 20-107 and the absence of "evidence in the record" that wife proved a material change in circumstances.

> "Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." See Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989); Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992); see also Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (holding that spousal support must be redetermined if necessary in light of new circumstances). The

- 4 -

material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 794-95 (1997).

Not only must the moving party show a material change of circumstances, the trial court is required to consider each of the factors enumerated in Code § 20-107.1(E) in determining whether to modify a spousal support award. See Code § 20-109(B).

Assuming without deciding that the August 3, 2005 order was a final order requiring wife to prove a material change in circumstance occurred since the date of that order, we find that husband has failed to provide us with a sufficient record from which we can determine whether wife satisfied her burden of proof.

It is the appellant's responsibility to provide this Court with an appropriate appendix and record. See Rule 5A:20. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "In the absence [of a sufficient record], we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).

The record contains no transcript from the September 28, 2005 hearing. In the December 6, 2005 order, the trial court stated that it considered the evidence and "the factors set forth in . . . Code § 20-107" in awarding wife spousal support. Neither the statement of facts nor

the December 6, 2005 order contains sufficient details from which we can determine whether the trial court erred in making its award. Absent a record of the trial court's reasoning and rulings at the September 28, 2005 *ore tenus* hearing, we are unable to ascertain whether wife satisfied her burden of proving changed circumstances since the last order. Accordingly, we are unable to determine if the trial court committed reversible error.

TRIAL COURT INCORRECTLY CALCULATED CHILD SUPPORT

Husband's entire argument relating to this issue is contained in the following paragraph:

> Code Section 20-108.1 sets forth the criteria and basis for setting child support. It requires consideration of actual income, imputed income to a party who is voluntarily unemployed or under-employed, and various other factors. Nothing in the record from the trial court reflects that it gave consideration to the requisite factors. The court's calculation was based solely on the [wife's] current level of spousal support of $1,000.00.

In the order entered on December 6, 2005, husband objected for reasons stated in that order and in the order rejected by the trial court. In the rejected order, husband argued:

> That the retroactive award of child support calculation was based on the Defendant's current award of spousal support income of $1,000.00 per month, instead of her actual income at the time in the amount of $1,250.00 per month; [and]

> That the Court did not impute income to the Defendant for purposes of determining retroactive or current child support, or spousal support.

Husband's vague argument in his brief regarding "setting child support" failed to articulate any specific error in the trial court's calculation of retroactive child support. In fact, husband failed to address the retroactive award in his argument. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Absent any specific argument regarding the calculation of the retroactive award, we cannot address the issue.

As to appellant's assertion that the trial court failed to consider the relevant criteria for determining child support, we find the only argument husband preserved for appeal, see Rule 5A:18, was in the rejected order, where he argued the trial court failed to impute income to wife "for purposes of determining retroactive or current child support, or spousal support."

In its December 6, 2005 order, the trial court "[o]rdered that the [wife] shall pay to the [husband], as current child support, the sum of" $128.70. Neither the order nor anything in the record indicated how the trial court calculated either retroactive or future child support.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith, 16 Va. App. at 635, 432 S.E.2d at 6. "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis, 202 Va. at 632, 119 S.E.2d at 256-57. "In the absence [of a sufficient record], we will not consider the point." Jenkins, 12 Va. App. at 1185, 409 S.E.2d at 20. Here, we do not have the benefit of a transcript reflecting the manner in which the trial court computed child support, and neither the December 6, 2005 order nor the signed statement of facts contains sufficient details from which we can determine how the trial court calculated child support or what evidence it considered and relied upon in making its calculations. Accordingly, we are unable to determine whether the trial court committed error.

For these reasons, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.