BUMGARDNER, Judge.
George Roger Barton (husband) appeals the denial of his motion to reduce spousal support to Louvenia C. Barton (wife). The husband claims the trial court erred in finding that he did not show a material change in circumstances warranting a modification. Finding no error, we affirm.
The parties were married July 16, 1994 and separated April 4, 1996. They had no children. The trial court heard the evidence of spousal support on August 6, 1997, but nothing indicates that it announced its decision before entering the final decree of divorce on October 16, 1997. In that decree, the trial court ordered the husband to pay $450 per month in permanent spousal support.
On November 10, 1997, the husband filed a petition in the juvenile and domestic relations district court to suspend or reduce the support obligation. He appealed an adverse decision to the circuit court, which heard the matter de novo October 1, 1998. The husband proffered a consent order entered on September 23, 1997 requiring him to pay child support for an illegitimate child born in August 1996. The consent support order was entered between the hearing on permanent spousal support and the entry of the final decree setting that support.
On appeal, the husband argues the trial court erred in refusing to consider his obligation to support his illegitimate child. He contends the trial court precluded him from showing a material change in circumstances by failing to consider the September 23,1997 order.
“In a petition for modification of child support and spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support.” Richardson v. Richardson, 30 Va.App. 341, 347, 516 S.E.2d 726, 729 (1999) (citation omitted). The petitioner must demonstrate a material change in circumstances from the most *178 recent support award. See Antonelli v. Antonelli, 242 Va. 152, 154, 409 S.E.2d 117, 119 (1991) (“following entry of a final decree ... a party seeking a change in court-ordered ... support” must prove a material change); Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) (child support); Layman v. Layman, 25 Va.App. 365, 367, 488 S.E.2d 658, 659 (1997) (court considered change occurring after entry of final order establishing support); Street v. Street, 25 Va.App. 380, 488 S.E.2d 665 (1997) (en banc) (considering husband’s sale of business after entry of decree establishing support); Moreno v. Moreno, 24 Va.App. 190, 195, 480 S.E.2d 792, 795 (1997) (spousal support). The material change must relate to either the need for support or the ability to pay. See Richardson, 30 Va.App. at 347, 516 S.E.2d at 729; Moreno, 24 Va.App. at 195, 480 S.E.2d at 795. “In the absence of a material change in circumstances, reconsideration of support ... would be barred by principles of res judicata.” Hiner v. Hadeed, 15 Va.App. 575, 580, 425 S.E.2d 811, 814 (1993) (child support); see also Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975).
In this case, the husband showed no material change in circumstances that occurred after the entry of the spousal support order on October 16, 1997. The husband knew about the child support order before the trial court entered its final decree fixing his spousal support obligation. He would have known of his obligation to support his child before the court ordered him to do so on September 23, 1997. The consent order would have required negotiation, preparation, circulation, and presentation before that date.
When fashioning spousal support awards, courts “must consider all relevant evidence concerning the needs of the [recipient spouse] and the ability of the [payor] to provide for those needs.” Hiner, 15 Va.App. at 578, 425 S.E.2d at 813 (citations omitted). Courts must make support awards based upon “current circumstances and what the circumstances will be ‘within the immediate or reasonably foreseeable future.’ ” Srinivasan v. Srinivasan, 10 Va.App. 728, 735, 396 S.E.2d *179 675, 679 (1990) (citation omitted). In considering a denial of a request for a reduction of support payments, courts must look to “objective evidence available at the time of the previous award in order to assess what increases in expenses might reasonably have been expected.” Furr v. Furr, 13 Va.App. 479, 482, 413 S.E.2d 72, 74 (1992). See also Blank v. Blank, 10 Va.App. 1, 4, 389 S.E.2d 723, 724 (1990).
The husband’s obligation to support an illegitimate child was not an uncertain future circumstance. See Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (material “changes are not fairly predictable”). He had the opportunity to provide the trial court with the reasonably foreseeable obligation to support the child at the August 8, 1997 hearing. For whatever reason he failed to do that, the husband still had ample time to inform the trial court of the consent child support order before it decreed spousal support. Cf. Hughes v. Gentry, 18 Va.App. 318, 325, 443 S.E.2d 448, 453 (1994) (prejudice to moving party outweighed where he “has failed to act diligently in discovering [relevant] evidence or, ..., has withheld evidence for personal or tactical reasons”).
The child support order was not a change of circumstance; it was not a development that had occurred unexpectedly. The order was merely new evidence of an existing circumstance which the husband had chosen not to present. The husband cannot withhold known, relevant information and then claim that the information withheld establishes a change of circumstance. The husband failed to show a material change in circumstances warranting a modification in his spousal support obligation. Accordingly, we affirm the trial court.

Affirmed.