COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


NICHOLAS KOURAKOS
                                    MEMORANDUM OPINION[*]
v.    Record No. 0771-00-2              PER CURIAM
                                     OCTOBER 10, 2000
MARIA STYLIANOU


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                   L. A. Harris, Jr., Judge

        (Nicholas Kourakos, pro se, on briefs).

        (Maria Stylianou, pro se, on brief).


    Nicholas Kourakos appeals from an order denying his motions

to modify his child support payments, to modify his child support

arrearage obligations, and to award him custody of his daughter.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the judgment of the circuit court.  See Rule

5A:27.

                         Background

    On February 10, 1999, a judge of the Henrico County

Juvenile and Domestic Relations District Court ordered Kourakos

to pay child support in the amount of $877.84 per month to his

former wife, Maria Stylianou, who had custody of the parties'

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

two minor children.  The judge further ordered Kourakos to pay $703 per month to reduce an outstanding child support arrearage. Although the order does not reflect the total arrearage, as of July 7, 1998, the arrearage was $39,620.57.

Kourakos filed a timely appeal from the order, but he withdrew the appeal on May 17, 1999.  The circuit court's July 19, 1999 order recites that the appeal was withdrawn.  On August 3, 1999, the circuit court's order denied Kourakos' motion to rehear the issue of child support, finding that the motion was "without merit."

On July 14, 1999, the juvenile court's order granted Stylianou continuing custody of the parties' minor children. Kourakos returned to juvenile court on August 16, 1999, and moved for a reduction in his child support obligation "due to continuing disability."  Later, he petitioned for custody of his daughter and moved the juvenile court to review the child support arrearage.  On December 21, 1999, a judge of the juvenile court found no change in circumstances since the circuit court's August 3, 1999 order and denied the motions pertaining to the child support.  The juvenile court judge also denied Kourakos' petition seeking custody of his daughter.

Kourakos timely appealed these orders to the circuit court. In his bill of particulars, Kourakos alleged that he was physically disabled, unable to work, and could not meet his child support obligations with his disability income.  He also

-

stated the basis for his attempt to seek custody of his daughter.

The parties appeared before the circuit court on March 6, 2000. Stylianou represented that the juvenile court had imputed income to Kourakos in the amount of $3,245.25 per month based on his past income history. She further represented that this figure did not include the value of any gifts given to Kourakos by his current spouse. An Internal Revenue Service printout that was admitted into evidence showed Kourakos' 1996 wage income as $38,943. Stylianou noted that the monthly income imputed to Kourakos equaled one-twelfth of his 1996 wage income.

When Kourakos began to explain why his child support payments should be reduced, the trial judge ruled that Kourakos' appeal of the arrearage order was invalid because he had not posted an appeal bond. Kourakos did not contest this ruling. He merely asserted that the child support obligation should be reduced because his current wife had stopped providing him with financial gifts, and he said, "that's my basis, sir, that this help stopped." He also alleged that the support obligation was too high compared with the wages imputed to him by the juvenile court.

In support of his petition seeking custody of his daughter, Kourakos testified that he was concerned for her well-being because of the way Stylianou treated their children. He stated that Stylianou had forced the older daughter out of the

-

household when she was fifteen years old. He further testified that Stylianou would lock their son out of the house if he came home late and that Stylianou's inability to properly parent their son had contributed to him becoming a juvenile delinquent. The record contains three juvenile petitions that reflect criminal charges that were lodged against the son in September 1999. Kourakos acknowledged that he had had virtually no contact with the daughter for at least seven years. He also admitted that she wanted no contact with him.

The trial judge found that Kourakos had failed to prove a change in circumstances justifying a modification of the child support obligation. The judge specifically found that Kourakos had failed to establish that the juvenile court judge had included gift income when imputing income to him. The trial judge also denied the motion to change custody and awarded Stylianou attorney's fees in the amount of $1,500.

### Motion to Modify Arrearage Payments

Kourakos contends the trial judge erred in ruling that his appeal of the juvenile court's order concerning his monthly arrearage payment was invalid because he had not posted an appeal bond. He asserts that the juvenile court never set an appeal bond and that he was exempt from filing an appeal bond because he was disabled.

Kourakos did not assert before the trial judge either of the arguments he raises on appeal. Accordingly, Rule 5A:18 bars

-

our consideration of this issue. "We will not consider for the first time on appeal an issue that was not preserved in the trial court." Martin v. Martin, 27 Va. App. 745, 752, 501 S.E.2d 450, 453 (1998) (en banc). This rule "applies equally to both pro se litigants and those who are represented by counsel." Newsome v. Newsome, 18 Va. App. 22, 24-25, 441 S.E.2d 346, 347 (1994). Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. See Code § 16.1-296(H) (providing that "[i]n cases involving support, no appeal shall be allowed until the party applying for the same or someone for him gives bond, in an amount and with sufficient surety approved by the judge or by his clerk if there is one, to abide by such judgment as may be rendered on appeal if the appeal is perfected or, if not perfected, then to satisfy the judgment of the court in which it was rendered").

### Motion to Modify Child Support

> "In a petition for modification of child support and spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support." The petitioner must demonstrate a material change in circumstances from the most recent support award. The material change must relate to either the need for support or the ability to pay. "In the absence of a material change in circumstances, reconsideration of support . . . would be barred by principles of res judicata."

-

Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374-75 (1999) (citations omitted).

As evidence of a change in circumstance, Kourakos proved that his current wife was no longer giving him financial gifts. The record is bereft of evidence, however, that such gifts were ever considered by the juvenile court judge in establishing Kourakos' support obligation. Proof challenging the reasonableness of overall support payments did not constitute a change in circumstances. Likewise, Kourakos' medical records reflect that his alleged disability resulted from a May 1999 accident, which pre-dates the most recent support award. Accordingly, the trial judge did not err when it denied Kourakos' petition to reduce his child support obligation.

## Custody

"A party seeking to modify an existing custody order bears the burden of proving that a change in circumstances has occurred since the last custody determination and that the circumstances warrant a change of custody to promote the children's best interests." Brown v. Brown, 30 Va. App. 532, 537, 518 S.E.2d 336, 338 (1999). In determining whether a change in custody is in the best interest of a child, the trial judge must consider the following factors:

> [T]he relationship existing between each
> parent and each child, giving due
> consideration to the positive involvement
> with the child's life, the ability to
> accurately assess and meet the emotional,

-

                    intellectual and physical needs of the
                    child;

                    *       *       *       *       *       *       *

                    The role which each parent has played and
                    will play in the future, in the upbringing
                    and care of the child;

                    [T]he relative willingness and demonstrated
                    ability of each parent to maintain a close
                    and continuing relationship with the child,
                    and the ability of each parent to cooperate
                    in and resolve disputes regarding matters
                    affecting the child; [and]

                    The reasonable preference of the child, if
                    the court deems the child to be of
                    reasonable intelligence, understanding, age
                    and experience to express such a preference
                    . . . .

Code § 20-124.3; see Brown, 30 Va. App. at 538, 518 S.E.2d at

338.

        The record reflects that Kourakos absented himself from his

daughter's life for many years and that she wanted to have no

contact with him.  He presented no evidence that her best

interests would be promoted by a change in custody or that there

had been a change in circumstances since the most recent custody

order warranting such a change.  "Whether a change of

circumstances exists is a factual finding that will not be

disturbed on appeal if the finding is supported by credible

evidence."  Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40,

41 (1986).  Credible evidence supports the trial judge's refusal

to award Kourakos custody.

                                    -

## Attorney's Fees

Kourakos did not object when the trial judge awarded Stylianou attorney's fees. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. The record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## Additional Issues

Kourakos filed with his opening brief a motion to review or amend the juvenile court's July 7, 1998 order. The record does not reflect that Kourakos ever appealed that order and the matter was not before the trial judge when he issued the March 20, 2000 order. Accordingly, we do not have jurisdiction over that issue.

Stylianou filed a motion to dismiss, citing to various defects in the filing of Kourakos' appeal. Because we affirm the judgment in full, we do not reach the merits of Stylianou's motion.

Stylianou, who appears on brief pro se, has requested attorney's fees for matters relating to this appeal. Upon consideration of the entire record in this case, we hold that she is entitled to a reasonable amount of attorney's fees for the motion filed by her counsel, and we remand for an award of

-

costs and counsel fees incurred in this appeal by her counsel for the motion.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.