COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


ROBERT WAYNE INGALLS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0635-02-1          JUDGE WILLIAM H. HODGES
                                         OCTOBER 8, 2002
JULIE ANN INGALLS


                FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

          Kenneth B. Murov for appellant.

          McClanahan Ingles (Martin, Ingles & Ingles,
          Ltd., on brief), for appellee.


     Robert Wayne Ingalls, husband, appeals a decision of the

trial judge denying his motion for a reduction in his spousal

support obligation to Julie Ann Ingalls, wife.  Husband contends

on appeal that the trial judge erred in:  (1) finding that

wife's expenses had increased nominally; (2) finding that wife's

receipt of $905 per month as her share of husband's military

retirement was not a material change in wife's income; (3)

finding that husband's income had not materially decreased; and

(4) failing to reduce husband's spousal support obligation based

on a material change in circumstances.  Finding that the trial

judge did not abuse his discretion in refusing to modify the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

spousal support award, we affirm the decision of the trial judge.

## BACKGROUND

The parties were divorced by final decree entered on January 20, 2000. The parties had four children who live with wife. On April 28, 2000, the trial judge held a hearing on several issues, including spousal support. By orders entered on August 3, 2000 and November 13, 2001, nunc pro tunc to April 28, 2000, the trial judge ordered husband to pay wife spousal support of $1,800 per month.

Husband retired from the military in July 2001. He receives monthly income from civilian employment and military retirement benefits. On November 13, 2001, husband filed a motion for a reduction in his monthly spousal support obligation based upon his reduction in income since his retirement. Husband also alleged that wife's income had increased since she had been receiving her share of his military retirement benefits. Wife filed a motion for an increase in spousal support on the grounds that husband's expendable income had increased and that husband's contributions to savings and tax deferred investments had increased since the determination of permanent spousal support in April 2000.

The trial judge held hearings on the motions on December 11, 2001 and January 31, 2002. By order entered on February 27,

-

2002, the trial judge denied both of the motions, finding that neither party had established a material change in circumstances since the April 28, 2000 hearing.  Both parties appealed the February 27, 2002 order.  Wife's appeal is addressed in a separate opinion in Record No. 0758-02-1.

## ANALYSIS

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  See also Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374-75 (1999).  "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'"  Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted).  "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

## I.  Wife's Expenses

At the April 28, 2000 hearing, the trial judge found that wife's monthly expenses were $4,871.  At the January 31, 2002

-

hearing, wife presented evidence that her monthly expenses were $5,167. Husband introduced bank records and check registers from wife's bank account, arguing that the documents showed that wife's ten-month average of expenses from January 2001 through October 2001 was about $4,056 per month. Husband argues that this amount is materially and substantially lower than the $4,871 per month figure from April 28, 2000.

The trial judge found that wife's expenses included "total expenses for her family of four children and herself" so that he was unable to determine wife's needs as extracted from the needs of the wife and the children. The trial judge concluded that wife's expenses had increased "nominally" since April 2000, about $300 per month as indicated by wife's evidence. Credible evidence supports the trial judge's finding that, while there had been some change in wife's expenses, it was not a material change in circumstances.

II. Wife's Receipt of her Share of Husband's Retirement

Husband contends the trial judge erred in finding that wife's receipt of her share of his military retirement benefits was not a material change in circumstances. The evidence showed that in April 2000, the trial judge found wife's income was $193 per month from interest earned on a sum of money she received as part of the equitable distribution award. Wife presented evidence that she had depleted much of the principal of that

-

award, and the trial judge found that interest rates had decreased since April 2000 such that the imputation of this income was not "fair" "anymore."

The evidence also showed that wife receives $905 per month (gross) as her share of husband's military retirement. The trial judge found that wife "nets" about $800 per month from that retirement money. Given that wife's expenses had nominally increased and that she no longer had the imputed monthly income, the trial judge did not abuse his discretion in finding that the addition of the retirement income was not a material change in circumstances warranting a decrease in the spousal support award.

### III. Husband's Income

Husband argues that the trial judge erred in finding that the decrease in his income upon his retirement was not a material change in circumstances. In April 2000, the trial judge found that husband's monthly income was $7,387. The evidence showed that since retirement husband was earning $7,150 per month from employment and military retirement benefits. The difference in husband's income is $237 per month, or about 3% less than it was in April 2000. The trial judge did not abuse his discretion in finding that this difference was not a material change in circumstances.

-

## IV.  Refusal to Reduce Spousal Support Award

Husband contends the trial judge erred in not reducing his monthly spousal support obligation.  Although wife had begun receiving a portion of husband's military retirement benefits, wife's expenses had increased nominally since April 2000, and she no longer received the $193 monthly income the trial judge imputed to her in April 2000.  Furthermore, husband's monthly income was reduced by only 3% since April 2000.  As the trial judge stated, "the numbers have changed a little bit, but on an analysis, they haven't changed much."  Although husband alleges he is unable to make the monthly child and spousal support payments, the trial judge found that the spousal support and child support monthly payments, when added together, constituted only 40% of husband's monthly income.  Moreover, the support payments covered the living expenses of five people, whereas husband was keeping 60% of his income to support only himself.  Furthermore, the evidence showed that husband was continuing to save money and make IRA and 401K contributions under the current arrangement.  The trial judge found that the parties were "basically in the same place they were in April of 2000" and that if he modified the spousal support award, the change "would be so minimal that it would be not worth a wad."  Therefore, he declined to modify the spousal support award.  The evidence supports the trial judge's ruling.

-

Accordingly, we affirm the judgment.

<u>Affirmed.</u>