COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


JULIE ANN INGALLS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0758-02-1         JUDGE WILLIAM H. HODGES
                                        OCTOBER 8, 2002
ROBERT WAYNE INGALLS


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

         McClanahan Ingles (Martin, Ingles & Ingles,
         Ltd., on brief), for appellant.

         Kenneth B. Murov for appellee.


     Julie Ann Ingalls, wife, appeals a decision of the trial

judge denying her motion for an increase in the monthly spousal

support payments she receives from Robert Wayne Ingalls, husband.

Wife contends the trial court erred in:  (1) finding that

husband's income had not materially increased; (2) finding that

husband's increase in savings after April 2000 did not demonstrate

a material change in husband's income; (3) not increasing

husband's spousal support obligation; (4) not increasing husband's

spousal support obligation based on the difference in incomes

available to husband and wife; and (5) failing to award wife

attorney's fees.  Finding that the trial judge did not abuse his

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

discretion in refusing to increase the monthly spousal support award, we affirm the trial judge's rulings.

BACKGROUND

The parties were divorced by final decree entered on January 20, 2000. The parties had four children who live with wife. On April 28, 2000, the trial judge held a hearing on several issues, including spousal support. By orders entered on August 3, 2000 and November 13, 2001, nunc pro tunc to April 28, 2000, the trial judge ordered husband to pay wife spousal support of $1,800 per month.

Husband retired from the military in July 2001. He receives monthly income from a civilian job and his military retirement benefits. On November 13, 2001, husband filed a motion for a reduction in his monthly spousal support obligation based upon his reduction in income since his retirement. Husband also alleged that wife's income had increased since she had been receiving her share of his military retirement benefits. Wife filed a motion for an increase in spousal support on the grounds that husband's expendable income had increased and that husband's contributions to savings and tax deferred investments had increased since the determination of the permanent spousal support award in April 2000.

The trial judge held hearings on the motions on December 11, 2001 and January 31, 2002. By order entered on February 27,

-

2002, the trial judge denied the motions of both parties, finding that neither party had established a material change in circumstances since the April 28, 2000 hearing. Both parties appealed the February 27, 2002 order. Husband's appeal is addressed in a separate opinion in Record No. 0635-02-1.

### ANALYSIS

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). See also Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374-75 (1999). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

### I. through III. Husband's Income

Wife contends husband's income has increased 7.76% since April 2000 and that this increase constitutes a material change in

-

circumstances justifying an increase in her spousal support award. Wife presented evidence that husband had increased his savings and investments almost $24,000 since April 2000. She also asserted that husband had increased his contributions to his 401(K) plan and made extra payments toward the principal of a mortgage on rental property he owns. Wife asserted that her debt exceeds her savings and she is unable to pay her expenses with the present amount of spousal support.

Husband presented evidence that wife's figures were inaccurate and were based on one-time payments and transition income from his military career to civilian employment in 2001. He stated that he was paid in advance for work performed overseas and that, when he refinanced the property he owns in Alabama, he reimbursed himself for expenses related to the property. Husband also asserted that he received a tax refund of over $3,000 for the year 2000 and payment for unused vacation when he retired, which are non-recurring sources of income.

In April 2000, the trial judge found that husband's monthly income was $7,387. At the January 31, 2002 hearing, the trial judge accepted husband's evidence concerning his change in income since 2000. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133,

-

138, 455 S.E.2d 730, 732 (1995).  The trial judge found that, subsequent to husband's retirement from the military, husband was earning $7,150 per month from his civilian employment and military retirement benefits.  Thus, husband currently earns $237 per month, or about 3%, less than he did in April 2000. The trial judge did not abuse his discretion in accepting husband's calculations and in finding that this is not a material change in circumstances warranting a modification in the spousal support award.

## IV.  <u>Difference in Incomes</u>

Wife contends the trial judge erred in failing to increase her spousal support award where husband's monthly income, after making child and spousal support payments, is equal to or greater than her monthly income, which is used to support wife and the parties' four children.  Although, under the trial judge's ruling, husband pays about forty percent of his monthly income in spousal and child support, under these circumstances, the trial judge did not abuse his discretion in refusing to modify the spousal support award.  The trial judge found that wife's expenses had increased only nominally since April 2000. Furthermore, since husband retired from the military, wife has been receiving an additional $905 per month for her share of husband's retirement benefits.  As the trial judge stated, "the numbers have changed a little bit, but on an analysis, they

-

haven't changed much."  The trial judge found that the parties were "basically in the same place they were in April of 2000," and that if he modified the spousal support award, the change "would be so minimal that it would be not worth a wad." Accordingly, the trial judge did not abuse his discretion in his ruling.

## V.   Attorney's Fees

Wife asserts that the trial judge erred in refusing to grant her motion for attorney's fees.  "An award or denial of attorney's fees is a matter committed to the sound discretion of the trial court."  Alphin v. Alphin, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992).  "The key to a proper award of fees is 'reasonableness under all of the circumstances revealed by the record.'"  Ragsdale v. Ragsdale, 30 Va. App. 283, 297, 516 S.E.2d 698, 705 (1999) (citation omitted).  Based on the circumstances of this case, we cannot say the trial judge abused his discretion in declining to award wife attorney's fees.

Accordingly, the decision of the trial judge is affirmed.

Affirmed.

-