COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Frank and Clements

PATRICK FRANCIS PECK

v.        Record No. 0845-03-4

CATHERINE E. PECK

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 9, 2003

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
R. Terrence Ney, Judge

(Edna Ruth Vincent; Richard J. Colten; Colten Cummins Watson &
Vincent P.C., on briefs), for appellant.

(Diane Hutson-Wiley, on brief), for appellee.

Patrick Francis Peck (husband) appeals a decision of the trial court denying his motion to reduce his spousal support obligation to Catherine E. Peck (wife). Husband contends the trial court erred by: (1) finding no change in circumstances to warrant a reduction in spousal support; (2) failing to find that wife enjoyed a higher standard of living at the trial than that established during the marriage; and (3) applying the "parental generosity" rule in the spousal support proceeding. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On appeal, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party. See Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992). The parties were divorced by final decree of divorce entered on September 17, 1998. Pursuant to the final decree, husband paid wife spousal support of $4,500 per month, plus an additional $500 per

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

month until the marital residence sold. Husband also paid child support for the parties' four children. At the time of the divorce, husband's income was between $156,000 and $160,000 per year and wife earned about $5,000 per year.

On August 25, 2000, *nunc pro tunc* to July 21, 2000, the trial court entered a consent order (consent order) wherein husband agreed to pay wife $7,200 in monthly spousal support. At that time, wife was earning about $15,000 in annual income. The record does not show husband's annual income at the time the consent order was entered. In June 2002, wife filed a motion for review and modification of spousal support. In October 2002, husband filed a petition for a reduction of spousal support based on wife's $40,500 increase in annual income.

On February 19, 2003, the trial court held a hearing on the parties' motions. Husband presented evidence that he earns over $684,000 per year, including bonuses. Wife presented evidence that she earns $55,500 per year. The trial court found that no changes in circumstances warranted a reduction in husband's spousal support obligation. The trial court dismissed wife's request for review and modification of spousal support.

## ANALYSIS

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). See also Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374-75 (1999). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). "The material change in circumstances must have occurred after the most recent judicial review of the award and 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Moreno v. Moreno, 24 Va. App. 190, 195, 480

S.E.2d 792, 795 (1997) (citations omitted). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

Although we agree with husband that the evidence proved changes in the parties' economic circumstances, we cannot say that the trial court erred in finding that the changes did not warrant a modification in support. In 2000, husband agreed to pay wife $7,200 per month in spousal support. At the time of the February 2003 hearing, wife's annual income had increased by over $40,000 since the entry of the consent order. However, from 1998 to 2003, husband's annual income had increased from about $160,000 to over $684,000. The financial resources of the parties is a factor to consider when determining whether to reduce spousal support. See Code § 20-107(E)(1). Clearly, as he concedes, husband has the ability to continue to pay the $7,200 monthly spousal support payment.

Husband contends the trial court "misapplied" the standard of living factor in reaching its decision not to reduce spousal support. See Code § 20-107.1(E)(2). However, during an exchange with husband's counsel at the hearing, the trial judge specifically stated that he understood the standard of living established during the marriage was a factor to consider in his decision. Furthermore, the evidence failed to show that wife is enjoying a lifestyle greater than the standard of living established during the marriage, as husband asserts. The record contains limited evidence about the lifestyles of the parties both during and after the marriage. However, the evidence showed that, after the divorce, mother moved with the four children from the marital residence to a smaller house. Two of the children are now in college, and wife stated that she pays $1,000 per month toward their tuition. In addition, wife drives a three-year-old Toyota Camry. Wife testified she does not live an extravagant lifestyle and she tries to live within her means. Wife also testified that

if spousal support was reduced, she will have to sell her current house. Therefore, after considering the limited evidence in the record regarding the standard of living established by the parties both prior to and after their divorce, we cannot say the evidence showed that wife's standard of living exceeds that established during the marriage.

In addition, we disagree that the trial court erroneously allowed wife to share in husband's post-divorce increases in income. The record shows that, at the time of the divorce, husband earned about $160,000 in annual income, and he paid spousal support in the amount of $4,500 per month. In August 2000, husband agreed to an increase in the spousal support award and he began paying wife $7,200 per month in spousal support. The record does not show the amount of husband's income at the time the consent order was entered. In 2003, although the evidence showed that husband's annual income had increased by $524,000 per year since the time of the divorce, the trial court did not increase husband's spousal support obligation. Rather, the trial court determined that the parties' circumstances, one of which was husband's increase in income, did not warrant a reduction in the amount of the monthly spousal support award the parties had mutually agreed to in 2000. Thus, the trial court's ruling did not erroneously allow wife to share in husband's post-divorce success. For this same reason, husband's "parental generosity" argument is without merit.

Husband requests that this Court award him his attorney's fees and costs or, in the alternative, remand the issue of costs and attorney's fees to the trial court. After considering the circumstances of this case, husband's requests are denied. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.