COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Alston and McCullough
Argued by teleconference

SAMUEL DAVID BURNS

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 0359-12-4          JUDGE STEPHEN R. McCULLOUGH
                                                     NOVEMBER 20, 2012

JENNIFER CAROL BURNS, N/K/A
 JENNIFER CAROL BOELTER

FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John E. Wetsel, Jr., Judge

Peter W. Buchbauer (Buchbauer & McGuire, P.C., on briefs), for
appellant.

Ian R. D. Williams (Harrison & Johnston, PLC, on briefs), for
appellee.

At issue in this appeal is whether the parties agreed in a consent order entered on August

26, 2010 to ratify the child support provisions of the divorce decree entered in 2009. Father

argues that the August 2010 consent order addressed custody and visitation only and did not

address the issue of child support. We agree with father and, accordingly, reverse and remand.

BACKGROUND

Samuel Burns and Jennifer Boelter were divorced in March of 2009. The divorce decree

specified a detailed schedule of custody and visitation. With respect to child support, the decree

provided that father was to pay mother $2,000 per month in child support. The divorce decree

also "affirmed, ratified and incorporated" the parties' property settlement agreement. The

property settlement agreement contained the following paragraph:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> **7.** **POWHATAN SCHOOL:** The parties' minor children
> attend Powhatan School and the parties agree that they shall
> equally divide the expenses for the children attending Powhatan
> School to include tuition, bus, books and fees.

In June 2010, mother filed a petition to modify child custody and visitation in the circuit court, alleging "that a material change of circumstances has occurred with respect to custody and visitation." Following her remarriage, mother had hoped to have the children attend school at Wakefield Country Day School rather than Powhatan School, which is located in Boyce, Virginia. Mother asked the court to reinstate the case on the active docket of the court "for the purpose of modifying child custody and visitation." On June 14, 2010, the court reinstated the case "on the active docket of the Court for the purpose of arguing the Petition to Modify Child Custody and Visitation." In July 2010, father filed his own petition to modify visitation. He also sought to enjoin mother from relocating the children and from placing them in a school other than Powhatan. None of these pleadings or orders referenced child support.

The court appointed a guardian *ad litem* for the children. The guardian *ad litem* issued a report, recommending that the children remain at Powhatan School for the 2010-11 school year. The guardian *ad litem* also recommended additional adjustments to the custody and visitation schedule. All parties agreed to adopt the recommendations of the guardian *ad litem*. Therefore, the parties prepared a consent order, which counsel for father drafted.

On August 26, 2010, the court entered this consent order. The order is divided into two parts: (1) a detailed revision of the custody arrangement and (2) a pair of sentences allocating the fee for the guardian *ad litem* among the parties. The consent order sets forth the details of the new custody and visitation schedule, as recommended by the guardian *ad litem*.

Paragraph "r." of the consent order provides that:

> r.     Powhatan School: The parties' minor children shall attend
> Powhatan School for the 2010-2011 academic year, and the parties
> agree that they shall equally divide the expenses for the children

attending Powhatan School to include tuition, bus, books and fees. *All other provisions of the Final Decree of Divorce and the PSA not inconsistent with this Consent Order shall remain in full force and effect.* Any party who feels that a change in the academic placement is warranted shall have the burden of proving that such change is in the best interests of the children.

(Emphasis added).

Eight months later, on April 21, 2011, father petitioned to modify his child support obligations. Father alleged as the basis for the petition a material change in the physical custody and visitation. He later invoked a change in the parties' income as well, contending that he currently earned less income than he did at the time of the divorce, whereas mother earned more income. According to father, the appropriate amount of child support per month was $95 rather than $2,000. The trial court denied father's petition, reasoning that father had failed to show a material change in circumstances after August 26, 2010. The court explained that

> The August 2010 Consent Order is the last *support order*. Although the August 2010 change in custody was a material change in circumstances, so that the child support could have been revisited, the August 26, 2010 Consent Order ratified [in paragraph "r."] the earlier support provision that required the Father to pay the Mother $2,000 per month in child support. Clearly, the parties contemplated that so long as the children were attending Powhatan that the Father would pay the Mother $2,000 per month in child support; therefore, there has been no material change in circumstances since the entry of the August 26, 2010, Consent Order.

(Emphasis added).

## ANALYSIS

### I. FATHER PRESERVED THE ISSUE RAISED ON APPEAL.

We first address whether father preserved the issue that he raises on appeal. We hold that it was preserved. The purpose of Rule 5A:18 "is to ensure that the trial court has an opportunity to rule intelligently on a party's objections and avoid unnecessary mistrials or reversals." Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002). After the trial court issued

- 3 -

written findings of fact and conclusions of law on December 28, 2011, father filed a motion for reconsideration on January 23, 2012, raising the issue he now raises on appeal. The statement of facts signed by the trial court reflects that a hearing was held on that motion. The court then issued a final order on January 27, 2012.[1] Pursuant to Code § 8.01-384(A) and <u>Brandon v. Cox</u>, 284 Va. 251, 726 S.E.2d 298 (2012), nothing more was needed to preserve the point for appellate review.

Code § 8.01-384(A) provides in relevant part that

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor . . . . No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. . . . Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

It is true, as mother notes, that father did not note specific objections to the court's final order. Such a "formal exception" was not necessary under Code § 8.01-384(A). Father alerted the trial court to the issue he now raises on appeal by filing a motion to reconsider, and the court considered this motion.

## II. THE CONSENT ORDER OF AUGUST 26, 2010 DID NOT PRECLUDE FATHER FROM SEEKING A MODIFICATION OF CHILD SUPPORT.

We now turn to whether the order of August 26, 2010 precluded father from seeking a modification of his child support obligations. "In a petition for modification of child support and

---

[1] The final order dispensed with the endorsement of the parties, as authorized by Rule 1:13.

spousal support, the burden is on the moving party to prove [by a preponderance of the evidence] a material change in circumstances that warrants modification of support." Richardson v. Richardson, 30 Va. App. 341, 347, 516 S.E.2d 726, 729 (1999) (citation omitted). "The petitioner must demonstrate a material change in circumstances *from the most recent support award.*" Barton v. Barton, 31 Va. App. 175, 177-78, 522 S.E.2d 373, 374 (1999) (emphasis added). "The material change must relate to either the need for support or the ability to pay." Id. at 178, 522 S.E.2d at 374 (citation omitted). "In the absence of a material change in circumstances, reconsideration of support that has been previously adjudicated after considering the guidelines would be barred by principles of *res judicata*." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993).

The trial court found that the parties had not experienced a material change in circumstances since the August 2010 consent order. If father reaffirmed his child support obligations in the consent order of August 26, 2010, he is precluded from litigating them anew in April of 2011. If, however, the order of August 26, 2010 addresses custody only and does not represent a ratification of the child support agreement entered in 2009, father may seek to modify his child support obligation based on a change in circumstances.

Ordinarily, a trial court's interpretation of its own orders is entitled to deference on appeal. Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). Consent orders, however, are treated differently. "While a consent decree is a court order, it is 'contractual in its nature and should be construed as though it were a contract.'" Newman v. Newman, 42 Va. App. 557, 568, 593 S.E.2d 533, 539 (2004) (*en banc*) (quoting Gazale v. Gazale, 219 Va. 775, 779, 250 S.E.2d 365, 367 (1979)) (internal citations omitted). "On appeal, the Court reviews a trial court's interpretation of a contract *de novo*."

Plunkett v. Plunkett, 271 Va. 162, 166-67, 624 S.E.2d 39, 41 (2006) (citing Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)).

"The contract must be read as a single document. Its meaning is to be gathered from all its associated parts assembled as the unitary expression of the agreement of the parties." Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). The text of the consent order, when viewed in its entirety, establishes that the purpose of the order was to address custody and visitation, not child support. The consent order states at the outset that the matter came to the court "upon Defendant's Motion to Enjoin Relocation and Motion to Modify Visitation." That motion, like the motion filed by mother, dealt exclusively with custody and visitation. The consent order reflects the fact that "all parties had agreed to adopt the recommendation of the guardian *ad litem*" and that the court found the "recommendation [of the guardian *ad litem*] will promote the best interests of the minor children." The report of the guardian *ad litem* addresses custody and visitation exclusively.

Furthermore, the order contains two numbered paragraphs. Paragraph 1 is captioned "custody." Paragraph 2 is captioned "guardian ad litem fees." Within the paragraph labeled "custody," subparagraph "r." addresses the schooling of the children at "Powhatan School." The sentence upon which mother relies is contained within this paragraph:

> r.     Powhatan School: The parties' minor children shall attend Powhatan School for the 2010-2011 academic year, and the parties agree that they shall equally divide the expenses for the children attending Powhatan School to include tuition, bus, books and fees. *All other provisions of the Final Decree of Divorce and the PSA not inconsistent with this Consent Order shall remain in full force and effect.* Any party who feels that a change in the academic placement is warranted shall have the burden of proving that such change is in the best interests of the children.

(Emphasis added). Therefore, the part of the order in which the language at issue appears addresses custody, and paragraph "r." deals solely with the children's schooling. When viewed

in terms of its stated objects and interpreted as a whole, the consent order does not support an interpretation that the parties intended to reaffirm child support obligations. That matter simply was neither in contention between the parties nor before the court.

The inclusion of the language at issue is explained by the following clause in the parties' 2008 property settlement, which was incorporated into the divorce decree:

> **7.     POWHATAN SCHOOL:** The parties' minor children attend Powhatan School and the parties agree that they shall equally divide the expenses for the children attending Powhatan School to include tuition, bus, books and fees.

This provision was not limited as to time. In contrast, paragraph "r." of the consent order was limited in time. It stated that "[t]he parties' minor children shall attend Powhatan School *for the 2010-2011 academic year*" and that the parties agree to "equally divide the expenses for the children attending Powhatan School to include tuition, bus, books and fees." (Emphasis added). This language from paragraph "r." of the consent order could be read as modifying paragraph 7 of the PSA by limiting the Powhatan School expense sharing to the 2010-2011 school year. The purpose of the sentence "[a]ll other provisions of the Final Decree of Divorce and the PSA not inconsistent with this Consent Order shall remain in full force and effect" was to clarify that the provisions noted above in paragraph 7 of the property settlement agreement remained in effect to allocate expenses for school years beyond the 2010-2011 academic year.

Moreover, the "the facts and circumstances surrounding the entry of the [consent] order" are highly relevant. Roe v. Commonwealth, 271 Va. 453, 459, 628 S.E.2d 526, 529 (2006). Those facts and circumstances conclusively refute mother's interpretation of the consent order. Mother initiated this round of litigation by filing a motion to "modify child custody and visitation." The order reinstating the case on the docket did so "for the purpose of arguing the Petition to Modify Child Custody and Visitation." Likewise, father's motion to modify visitation referenced visitation only. None of these pleadings mention child support. Had the court and the

parties intended to make a determination of child support in the August 26, 2010 order, one would expect to see in the record the findings and notices required by Code § 20-60.3 as well as a child support guideline worksheet. No such notices, findings, or worksheets appear in the record.

When read in the context of the consent order and the record, the disputed language does not signal any intent by the parties to address child support. The trial court focused exclusively on the disputed sentence itself, without regard to the context in which that sentence appears. We conclude on this record that the trial court erred in its interpretation of the August 26, 2010 consent order.

Mother points to Code § 20-108 and notes that the court had jurisdiction "at any time to determine child support on its own motion." That is correct, but irrelevant. The trial court did not reassess child support on its own motion. The trial court's purpose, as stated in the order itself, was to address the recommendation of the guardian *ad litem* with respect to custody and visitation and to assess the fee for the guardian *ad litem*.[2] Therefore, the effective date to measure a change in circumstances is not the consent order of August 26, 2010, but the divorce decree entered on March 16, 2009.

CONCLUSION

We reverse the trial court and remand for further proceedings in connection with father's motion to modify child support and mother's response to the motion.

Reversed and remanded.

---

[2] The interests of judicial economy counsel in favor of litigating changes in custody and modifications of child support at the same time. Nothing in the law, however, requires that that be done.