# COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges AtLee and Friedman
Argued at Fredericksburg, Virginia

FRANK HOWARD

v.      Record No. 0819-22-4

SUZANNE HOWARD

MEMORANDUM OPINION* BY
CHIEF JUDGE MARLA GRAFF DECKER
MARCH 14, 2023

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Carla F. Ward (Law Office of Carla F. Ward PLLC, on brief), for
appellant.

Craig E. White (Sevila, Saunders, Huddleston & White, PC, on
brief), for appellee.

Frank Howard appeals the circuit court's order denying his motion to modify spousal

support. He argues that the circuit court erred by denying his motion to continue the hearing and by

excluding testimony about the circumstances surrounding the formation of the parties' separation

agreement. He further contends that the court erred by finding there had not been a material change

in circumstances warranting modification of the spousal support award. For the reasons that

follow, we affirm the decision of the circuit court. We also deny the wife's request for attorney

fees and costs incurred on appeal.

---

* This opinion is not designated for publication. *See* Code § 17.1 413.

BACKGROUND[1]

On February 27, 2019, the circuit court entered a final decree of divorce awarding Suzanne Howard a divorce from her husband. The parties signed a separation and property settlement agreement in November 2018, under which the husband agreed to pay her $2,000 per month for spousal support. They agreed that the spousal support award was modifiable by a court of competent jurisdiction in the event of "a material change in either party's financial circumstances that justifies a modification to the amount due for spousal support." The final divorce decree affirmed, ratified, and incorporated the agreement.

In October 2019, a vehicle hit the husband as he walked in the crosswalk across a ten-lane highway. As a result of the accident, he sustained significant injuries to his right leg, left arm, and spine. Two weeks later, he filed a motion to modify the spousal support award. The husband alleged he was "unable to work or produce an income" and "unable to fulfill his spousal support obligation as currently ordered."

The circuit court entered a pretrial scheduling order setting the hearing on the motion for August 31, 2021. The order also directed the parties to file their witness and exhibit lists 15 days beforehand, by August 16, 2021, and stated that "[a]ny exhibit or witness not so identified and filed will not be received in evidence." The husband, who was represented by counsel, belatedly filed his witness and exhibit list on August 19, 2021, and the wife objected to the untimely filing.

On August 25, 2021, the husband was hospitalized due to a health event. Two days later, he filed an emergency motion to continue the hearing on the basis that he could not proceed on August 31, 2021. By order of August 30, 2021, the court granted the husband's motion and rescheduled the hearing for May 3, 2022. Noting that the filing deadlines for exhibit notebooks, exhibit lists, and

_____

[1] We view the evidence in the light most favorable to the wife, as the prevailing party below. *See Rainey v. Rainey*, 74 Va. App. 359, 368 n.1 (2022).

- 2 -

witness lists had passed before the husband's hospitalization, the court refused to modify or extend those deadlines.

On the morning of the rescheduled hearing, the husband filed a motion to vacate the circuit court's August 30, 2021 order and continue the hearing again, arguing that the order precluded him from presenting new evidence of the parties' current circumstances. After considering the husband's motion and the arguments of the parties, the court "vacat[ed] the portion of the order which would not allow [it] to hear present day evidence" but did not continue the hearing. In denying the husband's continuance request, the court noted that the parties could present evidence of their current income and expenses. The husband noted his ongoing objection to proceeding with the hearing.

The husband testified about the injuries he sustained as a result of his 2019 accident. He explained that he could no longer write with his dominant hand and needed to use a wheelchair. He elaborated that he had undergone 17 operations and was hospitalized as recently as the week before the hearing.

The husband stated that he was in his mid-sixties and unable to work after being struck by a car. He explained that before the accident, he was a self-employed mortgage broker. According to the husband, through his business, he "wasn't making a lot of money, but [he] was making money." He represented to the court that his annual income in 2018 was approximately $5,300.[2] He further testified that his income went "downhill" following his 2019 accident. He also said that he paid his spousal support obligation from his half of the proceeds from the sale of the marital home. He added that his portion of the proceeds had been exhausted at the time of the hearing.

---

[2] The husband's gross revenue from his two companies was $163,203 in 2018. His 2018 tax returns show that he deducted $157,672 from his gross revenue and reported his 2018 business income as $5,531. The husband did not testify about the gross revenue from his companies in 2018 or any other year.

According to the husband, he tried to continue working as a self-employed mortgage broker following his accident but did not earn any income. He represented that he had decided to retire, had "been deemed a hundred percent disabled" by the Social Security Administration, and received $2,513 per month in Social Security benefits. In addition, he explained that he sought to terminate the spousal support award "based on [his] physical condition, age, and . . . inability to work . . . as of October 2019."

The husband attempted to testify about why he had agreed to pay the wife $2,000 per month in spousal support, and the wife raised several objections. The husband did not challenge the wife's objections or proffer what his testimony would have been.

During his case-in-chief, the husband called the wife as a witness. When he tried to elicit testimony regarding her current income, she objected because he had not alleged that her income constituted a material change in circumstances in his motion to modify spousal support. After seeking clarification about the wife's objection, the husband's counsel stated that she would "direct[ her] questions in terms of what [the wife] might know about the material change in circumstances." Counsel also noted that she "assume[d] that if the [c]ourt d[id] make a finding [of a] material change in circumstances," they would then address the issue of the wife's income. The husband did not proffer what the wife's testimony about her income would have been.

At the end of the husband's case-in-chief, the wife moved to strike on the basis that he failed to prove a material change in circumstances because his income actually increased after the parties entered into the separation agreement. The wife argued that the husband's annual income in 2018 was approximately $5,600 and that his present annual income from his Social Security benefits was approximately $30,156. The husband responded that his 2018 income was not the basis of the agreed amount of spousal support because "[i]t was clearly his intention that he was going to be able to pay [the award] out of the proceeds of his business." He reasoned that therefore his 2018 income

- 4 -

was irrelevant because "he had an asset," presumably his proceeds from the sale of the marital home, that he could use to pay spousal support. The husband further argued that he "had a down year in 2018" and that his 2018 income should not be used "as a standard [that] he is actually doing way better now."

The circuit court granted the wife's motion to strike. The court noted that it was undisputed that the husband was "unable to work." Nonetheless, the circuit court found the record proved that his income had increased from the time of the parties' separation agreement. It found that, even if the husband's income was unusually low in 2018, the only income evidence was that he "ma[d]e more money than what he had at the time" the separation agreement was signed. The court noted it was the husband's burden to establish what his income was. In addition, the court awarded the wife $9,915.95 in attorney fees.

ANALYSIS

On appeal, the husband argues that the circuit court erred by denying his motion to continue the hearing and excluding testimony about the parties' separation agreement. He further contends that the court erred by finding that no material change in circumstances warranting a modification of the spousal support award had occurred. The wife disagrees and requests attorney fees and costs incurred on appeal.

I. Continuance Motion

The husband argues that the circuit court abused its discretion by refusing his request for a continuance. He asked for the continuance on the morning of the May 2022 hearing in conjunction with his motion to vacate the court's August 30, 2021 order. The court did not continue the hearing but vacated "the portion" of the August 30, 2021 order that "would not allow [it] to hear present day evidence." The husband suggests that the August 30, 2021 order precluded him from introducing "full documentary and testamentary evidence of his deteriorating medical condition and current

- 5 -

financial state." He argues that, after the court vacated the order, it should have "continu[ed] the matter to another date and enter[ed] a new scheduling order so both sides could supplement their discovery and present their evidence."

"The decision of whether to grant a continuance is committed to the discretion of the circuit court." *Shah v. Shah*, 70 Va. App. 588, 593 (2019). That court's ruling on the motion "will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice." *Va. Fuel Corp. v. Lambert Coal Co.*, 291 Va. 89, 104-05 (2016) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "The absence of one renders inconsequential the presence of the other." *Cooper v. Commonwealth*, 54 Va. App. 558, 565 (2009) (quoting *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007), *aff'd*, 275 Va. 144 (2008)). Additionally, prejudice "may not be presumed; it must appear from the record." *Id.* (quoting *Bolden*, 49 Va. App. at 290).

A fundamental precursor to appellate review is an adequate proffer. *See Graham v. Cook*, 278 Va. 233, 249 (2009). A proffer is necessary to permit the appellate court to determine whether the denial of a continuance requested in order to obtain evidence was an abuse of discretion and prejudiced the complaining party. An adequate proffer creates a record of "what the [evidence] would have been." *Commonwealth Transp. Comm'r v. Target Corp.*, 274 Va. 341, 348 (2007) (quoting *Holles v. Sunrise Terrace, Inc.*, 257 Va. 131, 135 (1999)). It is not sufficient for a party to proffer "merely his theory of the case" rather than the substance of the suggested excluded evidence. *Ray v. Commonwealth*, 55 Va. App. 647, 650 (2010) (quoting *Tynes v. Commonwealth*, 49 Va. App. 17, 21 (2006)). In short, "[a]bsent a proffer showing 'harm was done,'" the appellate court is "'forbidden [from] consider[ing] the question.'" *Id.* at 650 (quoting *Scott v. Commonwealth*, 191 Va. 73, 78-79 (1950)).

Here, when the husband sought a continuance, he did not proffer to the circuit court the specific evidence that he claims he was unable to present. His counsel merely stated the desire to "create new exhibits" addressing "his deteriorating medical condition and current financial state," supplementing the discovery between the parties. The circuit court vacated part of the August 2021 order so that the parties could introduce "present day evidence." The court allowed the husband to testify about his income as of the date of the hearing. Without a proffer of the allegedly excluded evidence, the record does not show that the husband was prejudiced by the absence of the unspecified evidence.[3] Accordingly, we affirm on this issue.

## II. Exclusion of Testimony

The husband contends that the circuit court erred by excluding testimony about the "factors and circumstances leading to [the] [a]greement" regarding spousal support. He believes the court erred by not admitting his testimony about how the parties reached the original agreement and not allowing him to question the wife about her income in 2019. After the circuit court sustained the wife's relevance objections, however, the husband did not proffer the excluded testimony for the record.

Similar to the situation with a continuance, "[w]hen evidence is excluded by the court, the aggrieved party must make a proper proffer of the excluded testimony to preserve the ruling for appellate review." *Klein v. Klein*, 11 Va. App. 155, 160 (1990); *accord Galumbeck v. Lopez*, 283 Va. 500, 507 (2012). "When an appellant claims a . . . court abused its discretion in excluding evidence, we cannot competently determine error—much less reversible error—without 'a

---

[3] Although the husband argues that he was prejudiced by the circuit court's August 30, 2021 order, he does not identify any specific prejudice he suffered by proceeding with the hearing on May 3, 2022. Instead, he simply concludes that he had suffered "extreme prejudice" and that the denial of his continuance request was "deeply prejudicial." *See, e.g.*, *Norfolk S. Ry. Co. v. Bowles*, 261 Va. 21, 29 (2001) (noting that the party did not posit any "specific prejudice" resulting from the denial of the motion to continue).

proper showing of what that testimony would have been.'" *Ray*, 55 Va. App. at 649 (quoting *Tynes*, 49 Va. App. at 21).

The husband did not proffer what the presumable testimony of his witnesses would have been and consequently does not provide this Court with a basis to determine whether the circuit court properly excluded the testimony. The failure to proffer precludes consideration of this particular claim. Without a proffer of the expected testimony, this Court simply cannot determine whether any such evidence was relevant and admissible. Therefore, we do not consider this assignment of error. *See Klein*, 11 Va. App. at 160.

### III. Material Change in Circumstances

The husband contends that the circuit court erred by finding that no material change in circumstances warranting modification of its spousal support award had occurred. Specifically, he believes that the court erroneously considered only his income and no other factors, such as the depletion of his assets and his inability to continue working. The husband argues that his injuries from the debilitating accident constituted "a totally unexpected and substantial material change in circumstances affecting his ability to pay spousal support." In support, he suggests that his injuries "were so severe they affected every aspect of his life."

In the separation and property settlement agreement, the parties provided that the spousal support award was modifiable in the event of "a material change in either party's financial circumstances that justifies a modification to the amount due for spousal support." Generally, following an award of spousal support, a circuit court may modify the award if the circumstances merit such a change. Code § 20-109. As expressly provided in the agreement here, "[t]he moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." *Nielsen v. Nielsen*, 73 Va. App. 370, 379 (2021) (quoting *Dailey v. Dailey*, 59 Va. App. 734, 742-43 (2012)). It is well

established that "[w]hether there has been a material change of circumstances is a factual finding." *Id*. at 381 (quoting *Barrs v. Barrs*, 45 Va. App. 500, 507 (2005)). An appellate court will not set aside a circuit court's factual findings unless "plainly wrong or without evidence to support [them]." *Hughes v. Hughes*, 33 Va. App. 141, 146 (2000) (quoting *Farley v. Farley*, 9 Va. App. 326, 328 (1990)).

To constitute a material change in circumstances, a "change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" *Barnes v. Barnes*, 64 Va. App. 22, 29 (2014) (quoting *Moreno v. Moreno*, 24 Va. App. 190, 195 (1997)). In other words, it "must relate to either the need for support or the ability to pay." *Barton v. Barton*, 31 Va. App. 175, 178 (1999). In addition, to merit a modification or termination of the spousal support award, "[t]he material change in circumstances must have occurred after the most recent judicial review of the award." *Nielsen*, 73 Va. App. at 380 (quoting *Barrs*, 45 Va. App. at 506).

Here, the circuit court correctly observed that the husband bore the burden to prove a material change in circumstances that warranted a change of the spousal support award. *See Nielsen*, 73 Va. App. at 379. Consistent with the husband's pleading, the court limited consideration of the case to the husband's ability to pay based on his income. Although the court acknowledged the severity of the husband's injuries and his inability to work, it found, based on the evidence presented, that those factors did not actually reduce his income. Consistent with this conclusion, the court was unpersuaded that the accident negatively impacted the husband's ability to pay.

We recognize that the husband argues, as he did below, that the parties' separation agreement was not based on his income and the circuit court should have considered other factors such as his depletion of assets. However, the husband's *written* motion to modify support specified only his injuries and resulting inability "to work or produce an income" as bases for the motion. A

circuit court can "base its judgment or decree" only on "facts . . . alleged" or rights that have "been pleaded and claimed."[4] *Stark v. Dinarany*, 73 Va. App. 733, 746 (2021) (quoting *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981)). In other words, the husband, in his motion, specifically pled a material change in circumstances based only on his physical condition and inability to work. It was therefore appropriate for the circuit court to limit its consideration of the case to the factors the husband relied on in his pleading. We too must review this case under the framework set out in the husband's motion to modify spousal support. Consequently, the sole question for this Court to resolve is whether the circuit court erred in finding that the husband failed to prove that his injuries constituted a material change in circumstances since the original award that reduced his ability to pay.

The circuit court found that, even if it assumed that the husband's 2018 income was anomalously low, he had introduced no income evidence except that he "ma[d]e more money" following the accident "than what he had [made] at the time the agreement was signed." The court's finding is supported by the husband's testimony that his income was approximately $5,300 for the year in which the parties entered into their separation agreement. Although his gross revenue that year was $163,203, he deducted $157,672 from that amount to net an income of around $5,300. In contrast, the husband testified that he received $30,156 a year from Social Security at the time of the instant hearing.

Based on this evidence, the court found that the husband's income was higher at the time of the hearing than when the parties entered into the separation agreement. This finding is supported

---

[4] "The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought." *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141 (1981) (quoting *Potts v. Mathieson Alkali Works*, 165 Va. 196, 207 (1935)). This rule protects "[e]very litigant['s] . . . entitle[ment] to be told by his adversary in plain and explicit language . . . his ground of complaint or defense." *Id.* (quoting *Potts*, 165 Va. at 207).

by the record. *See Hughes*, 33 Va. App. at 146. Because the evidence established that the husband's income had actually increased after the accident, he failed to prove to the satisfaction of the fact finder that his inability to work constituted a material change in circumstances affecting his ability to pay his spousal support obligation as compared to his ability at the time he agreed to the award. *See Barton*, 31 Va. App. at 177-78. Despite any sympathy engendered by the husband's personal situation, the circuit court was not plainly wrong in concluding that he failed to prove a material change in circumstances warranting a change in the spousal support award.

## IV. Attorney Fees and Costs on Appeal

The wife seeks an award of attorney fees and costs on appeal.[5] Under Rule 5A:30, in specified cases in which attorney fees and costs are recoverable under Title 20 of the Code of Virginia, the Court of Appeals may award some or all of the fees and costs requested. Whether to award fees is discretionary. *See* Rule 5A:30; *Alwan v. Alwan*, 70 Va. App. 599, 613 (2019). In deciding whether to make such an award, the Court may consider factors including whether the requesting party has prevailed, whether the appeal "lacked substantial merit" or was frivolous, or whether other reasons support an award of attorney fees and costs. *See* Rule 5A:30; *accord Brandau v. Brandau*, 52 Va. App. 632, 642 (2008); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). Rule 5A:30(b) allows this Court to "consider all the equities of the case."

The husband's claims ultimately lack merit, but at least one is not frivolous. Considering all the equities of the case, the other factors in Rule 5A:30, and the relevant case law, we deny the wife's request for appellate attorney fees and costs. Accordingly, "[e]ach party shall bear its own fees and costs." *See Rainey v. Rainey*, 74 Va. App. 359, 391 (2022).

---

[5] The separation agreement "expressly reserve[s]" the issue of attorney fees for the Court. *See generally Allen v. Allen*, 66 Va. App. 586, 603 (2016) (considering the parties' post-nuptial agreement to determine whether to award appellate attorney fees).

CONCLUSION

The circuit court did not abuse its discretion in denying the eleventh-hour motion to continue the hearing. We do not consider the husband's challenge to the exclusion of certain testimony because the expected testimony was not proffered for the record. In addition, the record supports the circuit court's conclusion that the husband failed to establish a material change in circumstances warranting a change in the spousal support award. For these reasons, the circuit court's ruling is affirmed. We also deny the wife's request for attorney fees and costs.

*Affirmed.*